Helm v. The First National Bank of Huntington.

———————————●———————————

## HELM v. THE FIRST NATIONAL BANK OF HUNTINGTON.

CONSTITUTIONAL LAW.—*Conflict of Laws.—Patent.—Statute.—Promissory Note.*—The statute (3 Ind. Stat. 364) providing, that any person who may take any obligation in writing, for which a patent right, or right claimed to be such, shall form the whole or any part of the consideration, shall, before it is signed by the maker, insert in the body of the obligation above the signature the words "given for a patent right," is unconstitutional and void, being in conflict with sec. 8 art. 1 of the constitution of the United States, which, from the nature and subjects of the power necessarily to be exercised, confers on Congress the exclusive power "to promote the progress of science and useful arts, by securing, for limited times, to authors and inventors the exclusive right to their respective writings and discoveries."

From the Huntington Circuit Court.

*H. T. Helm* and *N. O. Ross*, for appellant.

*J. R. Slack*, for appellee.

BUSKIRK, J.—This is an appeal from a judgment of the court below, rendered on a promissory note, to which the appellant, the defendant below, pleaded, in substance, that the said note was given for a patent right, or some interest in a patent; and that the said note was invalid and void, by reason of the omission to insert in the body of said note, above the signature, the words, "given for a patent right," as required by a statute of the State of Indiana. 3 Ind. Stat. 364.

By the second section of the act referred to, it is provided, that any person who may take any obligation in writing, for which a patent right, or right claimed to be such, shall form the whole or any part of the consideration, shall, before it is signed by the maker, insert in the body of the obligation, above the signature, the words, " given for a patent right."

The third section provides, that any person who shall take any obligation for a patent right, without complying with the requirements of this act, shall be deemed guilty of a misdemeanor, and subject to a penalty therein provided.

The purposes of this case do not require a further statement of the provisions of the act referred to.

To the plea of the appellant there was a demurrer, which was sustained by the court below, on which ruling judgment was rendered against the appellant.

The appellant assigns for error the decision of the court below, in sustaining a demurrer to the plea above set forth.

The case presents two questions:

1. Whether, under the provisions of such a statute as that which is above set forth, a note can be given and enforced, which does not contain the words required by such statute. And,

2. This involves the further question, which has been raised, of the constitutional validity of the statute itself, so far as the making and taking of a note for a patent right extend.

If the legislature of this State possessed the constitutional power to enact the law in question, there can be no doubt that a note taken in violation of its provisions would be illegal and void.

The solution of the second question depends upon whether the states have been prohibited by the federal constitution from legislating on the subject embraced in the act in question.

The eighth section of the first article of the constitution of the United States, which contains an enumeration of the powers granted to the federal government, confers on Con-

Helm *v.* The First National Bank of Huntington.

gress the power " to promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries."

It is insisted by counsel for appellee that the above grant of power confers upon the national government the exclusive power to legislate on the subject of patents, and that consequently the legislature of this State possesses no power to legislate on the subject.

STORY, J., in delivering the opinion of the court in *Houston* v. *Moore,* 5 Wheat. 49, lays down certain rules of construction and interpretation which should be employed in determining whether a grant of " power to the national government is exclusive or concurrent." He says:

" The sovereignty of a state in the exercise of its legislation is not to be impaired, unless it be clear that it has transcended its legitimate authority ; nor ought any power be sought, much less to be adjudged, in favor of the United States, unless it be clearly within the reach of its constitutional charter. Sitting here, we are not at liberty to add one jot of power to the national government beyond what the people have granted by the constitution ; and, on the other hand, we are bound to support that constitution as it stands, and to give a fair and rational scope to all the powers which it clearly contains. ·

" The constitution containing a grant of powers in many instances similar to those already existing in the state governments, and some of these being of vital importance also to state authority and state legislation, it is not to be admitted that a mere grant of such powers in affirmative terms to Congress, does, *per se,* transfer an exclusive sovereignty on such subjects to the latter. On the contrary, a reasonable interpretation of that instrument necessarily leads to the conclusion, that the powers so granted are never exclusive of similar powers existing in the States, unless where the constitution has expressly in terms given an exclusive power to Congress, or the exercise of a like power is pro-

hibited to the states, or there is a direct repugnancy or incompatibility in the exercise of it by the states."

In *Gilman* v. *Philadelphia*, 3 Wal. 713, the rule is stated as follows: "The states may exercise concurrent or independent power in all cases but three:

" 1. Where the power is lodged exclusively in the federal constitution.

" 2. Where it is given to the United States and prohibited to the states.

" 3. Where, from the nature and subjects of the power, it must necessarily be exercised by the national government exclusively."

MARSHALL, Chief Justice, in delivering the opinion of the court in *Sturges* v. *Crowninshield*, 4 Wheat. 122, says: " In considering this question, it must be recollected that, previous to the formation of the new constitution, we were divided into independent states, united for some purposes, but, in most respects, sovereign. These states could exercise almost every legislative power, and, among others, that of passing bankrupt laws.

" When the American people created a national legislature, with certain enumerated powers, it was neither necessary nor proper to define the powers retained by the states. These powers proceed, not from the people of America, but from the people of the several states; and remain, after the adoption of the constitution, what they were before, except so far as they may be abridged by that instrument. In some instances, as in making treaties, we find an express prohibition; and this shows the sense of the convention to have been, that the mere grant of a power to Congress did not imply a prohibition on the states to exercise the same power. But it has never been supposed that this concurrent power of legislation extended to every possible case in which its exercise by the states has not been expressly prohibited. The confusion resulting from such a practice would be endless. The principle laid down by the counsel for the plaintiff, in this respect, is undoubtedly correct. Whenever the

terms in which a power is granted to Congress, or the nature of the power, require that it should be exercised exclusively by Congress, the subject is as completely taken from the state legislatures, as if they had been expressly forbidden to act on it."

The same learned judge, in another portion of his opinion, uses the following language:

"It is not the mere existence of the power, but its exercise, which is incompatible with the exercise of the same power by the states. It is not the right to establish these uniform laws, but their actual establishment, which is inconsistent with the partial acts of the states."

The power in reference to patents and patent rights is not exclusively vested in the general government, nor is it prohibited to the states. The case does not therefore fall within the first or second class of cases, *supra*, but comes within the third.

The federal government has, continuously, from the adoption of the constitution down to the present time, legislated on the subject of patents and patent rights. Such legislation has covered the entire ground; for it has not only regulated the manner in which a patent may be obtained from the general government, but it has prescribed the manner in which such right may be sold and conveyed, and has imposed penalties for the infringement thereof. The power delegated to the general government having been exercised by Congress, and as from the nature and subject of the power it cannot be conveniently exercised by the states, it must necessarily be exercised by the national government exclusively. We are of the opinion that the legislature of Indiana possessed no power to pass the statute under consideration, and it must therefore be held unconstitutional and void. This ruling is in accordance with the adjudged cases upon the same and similar statutes. See opinion of Davis, Justice, in *Ex parte Robinson*, 3 Ind. Stat. 365, in which case the learned judge, in passing upon the validity of the statute in question, uses the following language: "The property in inventions exists by virtue of the

laws of Congress, and no state has a right to interfere with its enjoyment, or to annex conditions to the grant. If the patentee complies with the law of Congress on the subject, he has a right to go into the open market anywhere within the United States and sell his property. If this were not so, it is easy to see that a state could impose terms which would result in a prohibition of the sale of this species of property within its borders, and in this way nullify the laws of Congress, which regulate its transfer, and destroy the power conferred upon Congress by the constitution. The law in question attempts to punish, by fine and imprisonment, a patentee, for doing with his property what the national legislature has authorized him to do, and is, therefore, void."

The judgment is affirmed, with costs.