WOOLHEIM (UNITED STATES v.). See Case No. 16,761.

## Case No. 18,030.
### WOOLLEN v. BANKER.
[2 Flip. 33; 17 Alb. Law J. 72; 5 Reporter, 259.] [1]

Circuit Court, S. D. Ohio. May 23, 1877.

OHIO PATENT RIGHT NOTE LAW — CONSTITUTIONALITY.

By act of May 4, 1869 (state of Ohio). it is provided that "any note the consideration for which shall consist in whole or in part of the right to make, use or vend any patent invention or inventions claimed to be patented, shall have the words 'given for a patent right' prominently and legibly written or printed on the face of such note or instrument above the signature thereto, and such note or instrument in the hands of any purchaser or holder shall be subject to the same defenses as in the hands of the original owner or holder." Such a law impairs the value of patent right property, created by the constitution and laws of the United States, and is unconstitutional.

[Cited in brief in Bell Tel. Co. v. Com. (Pa. Sup.) 3 Atl. 829. Disapproved in Herdic v. Roessler, 109 N. Y. 131, 16 N. E. 199. Cited in State v. Lockwood, 43 Wis. 405.]

[Action by W. W. Woollen, administrator, against Peter P. Banker upon a promissory note. Upon a trial before Swing, J., and a jury, a verdict was rendered for the plaintiff (case unreported). A motion for a new trial was heard by Mr. Justice SWAYNE.]

James R. Challen, for plaintiff.
Armpt Bros. and Chas. F. Gunckle, for defendant.

SWAYNE, Circuit Justice. The plaintiff brought his action upon a promissory note of

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission. 5 Reporter, 259, contains only a partial report.]

$500, containing the words "given for a patent right." The defendant set up failure of consideration, for that the patent right was void for want of novelty, and of no value, relying upon the statute of Ohio, passed May 4, 1869 (section 66, Ohio Laws, 93), which provides that "any note the consideration for which shall consist in whole or in part of the right to make, use or vend, any patent invention or inventions claimed to be patented shall have the words 'given for a patent right' prominently and legibly written or printed on the face of such note above the signature, and such note or instrument in the hands of any purchaser or holder shall be subject to the same defenses as in the hands of the original owner or holder."

The reply sets up that the plaintiff's intestate purchased said note for value, without notice, before maturity.

Upon a trial by a jury the defendant offered evidence to show that when the note fell due, and demand was made, he offered to return the patent right and cancel the obligation. The court refused to admit the evidence, and defendant's counsel excepted. An exception was also taken to the refusal of the court to admit evidence that the patent was void for want of novelty, and of no value, and also to the charge of the court, because the jury were not instructed that the defendant was entitled to the same defenses against the plaintiff, although an innocent purchaser for value before maturity, as he would have against the original payee.

These exceptions raise the question of the constitutionality of the statute of Ohio above quoted, and how much soever it may be disagreeable to this court to pronounce upon the unconstitutionality of a state statute before the supreme court of that state has done so, the merits of this case require such duty of us, and we cannot shrink from it.

A construction has been given to the statute in one of its bearings by the supreme court of Ohio in State v. Peck, 25 Ohio St. 29, in which the court say: "To construe the phrases 'patent right,' 'patented invention,' and 'inventions claimed to be patented' as used in the act to mean machines manufactured under letters patent by the patentee or his assigns, would give to them not only an unusual, forced and unnatural import, but would seriously interfere with and injure the manufacturing interests and commercial prosperity of the state, which cannot be presumed to have been intended by the general assembly in the passage of the act."

That the constitution of the United States has conferred upon the congress the power "to promote the progress of science and the useful arts, by securing for limited time, to authors and inventors, the exclusive right to their respective writings and discoveries," by section 8, art. 1, is no more certain than that such power has been exercised by the enactment of patent laws, and that no state can limit, control, or even exercise the power.

Congress has not only regulated the manner in which a patent may be obtained, but it has prescribed the manner in which such right may be sold and conveyed, and has imposed the penalties for the infringement thereof. The national government has, therefore, made a patent right, property. The patentee has paid the government for the monopoly, and it is bound to protect him and his assignee in the use and enjoyment of it. Any interference whatever by any state, that will impair the right to make, use, or vend any patented article, or the right to assign the patent or any part of it, is forbidden by the highest organic law. The statute in question is such an interference, and is unconstitutional.

We are supported in this opinion by every court that has had occasion to pass directly upon the question. Davis, J., in Re Robinson [Case No. 11,932], pronounced the Indiana law, similar in terms to the Ohio law, clearly unconstitutional. The supreme court of Indiana, in Helm v. First Nat. Bank, 43 Ind. 167, held that as the federal government has continuously, from the adoption of the constitution down to the present time, legislated on the subject of patents, and as, from the nature and subject of the power, it cannot conveniently be exercised by the state, it must necessarily be exercised by the national government exclusively, and add: "We are of the opinion that the legislature of Indiana possessed no power to pass the statute under consideration, and it must, therefore, be held unconstitutional and void." And so in Hereth v. Merchants' Nat. Bank, 34 Ind. 380, it was held that a maker of a promissory note in the hands of an innocent purchaser for value before due, could not be heard to plead fraud, or failure of consideration, although "given for a patent right" was in the body of the note, and that these words did not put the purchaser on his guard, or convey any notice whatever; being equivalent to "value received." And so in Hascall v. Whitmore, 19 Me. 102; Smith v. Hiscock, 14 Me. 449.

There is no error in rejecting the evidence offered, nor in refusing to charge the jury as requested. The decision of the court below is sustained, and judgment may be entered on the verdict. Leave to have the cause certified to the supreme court refused.