STATE OF TENNESSEE and MEIGS COUNTY *v.* BUTLER.

PATENT RIGHT. *Sale of. Not subject to license tax.* The State has no right to require a license in order to a sale of the right to make and manu-facture a patented article.

FROM MEIGS.

Appeal in error from the Circuit Court of Meigs county. D. C. TREWHITT, J.

ATTORNEY-GENERAL LEA for the State.

MILLBURN and BRIANT for Butler.

FREEMAN, J., delivered the opinion of the court.

This is a proceeding by distress warrant to enforce the collection of a license or privilege tax for an al-leged sale of a right to make or manufacture a cer-

State *v.* Butler.

tain "straw cutter," the "exclusive right to make, use and vend , the said invention throughout the United States and territories," being in defendant by letters patent granted by Commissioner of Patents in 1879.

The only question in the case is the right of the State to impose a license or privilege tax on a sale of such right. Congress, under the Constitution of the United States, by act 1, sec. 8, has conferred on it the power "to promote the progress of science and the useful arts by securing to authors and inventors the exclusive right to their respective writings and discoveries." This power has been exercised by the enactment of the laws under which this patent was granted. To use the language of Judge Swayne in the case of *Wooten* v. *Barker*, 5 Reporter, 260, "Congress has not only fixed the manner in which a patent may be obtained, but has prescribed the manner in which it may be sold, and has imposed penalties for the infringement thereof. The national government has, therefore, made the patent right property. The patentee has paid the government for the monopoly, and it is bound to protect him and his assignee in the use and enjoyment of it. Any interference whatever by the State that will impair the right to make, use, or vend any patent, or the right to assign the patent or any part of it, is forbidden by the highest organic law."

If this principle be correct, and we see no cause to doubt it, in the case of sale of a right to make or manufacture the patented article, then it seems clear the statute of the State requiring a license in order

to the sale of the patent, must be held void, and in violation of the Constitution of the United States and laws made in pursuance thereof. If the State can forbid the use and enjoyment of the right granted except on terms of paying for the privilege the sum of ten dollars, she may as well exact ten hundred, or forbid it entirely. In this way the privilege granted may be rendered valueless, and the right purchased from the United States be entirely destroyed for all practicable purposes. We hold this cannot be done, and the right of the patentee to sell or assign his privilege granted to him by the United States for the period fixed in his letters patent is beyond State control or regulation.

His Honor the Circuit Judge so held, and we affirm his judgment.