## CASTLE v. HUTCHINSON.

*(Circuit Court, D. Indiana.   November 10, 1885.)*

1. CROSS-COMPLAINT—ACTION AT LAW.
   A cross-complaint is not permissible in a common-law action.
2. CONSTITUTIONAL LAW—STATUTE REGULATING FORM OF NOTE GIVEN FOR PATENT-RIGHT.
   A state statute providing that any person who may take any obligation in writing for which any patent-right, or right claimed to be a patent-right, shall form the whole or any part of the consideration, shall, before it is signed by the maker, insert in the body thereof, above his signature, the words "given for a patent-right," is unconstitutional.

At Law.   Motion to strike out cross-complaint and parts of answer.

*Byfield & Howland* and *Ward & Davis*, for plaintiff.

*T. H. Nelson*, for defendant.

WOODS, J.   A cross-complaint is not permissible in a common-law action.   The second paragraph of answer contains a clause to the effect that the notes in suit were made in Indiana, were given for a patent-right, and do not contain in their body the words "given for a patent-right," as required by law.   The statute referred to is section 6055, Rev. St. Ind., 1881, which reads as follows:

"Any person who may take any obligation in writing for which any patent-right, or right claimed by him or her to be a patent-right, shall form the whole or any part of the consideration, shall, before it is signed by the maker or makers, insert in the body of said written obligation, above the signature of said maker or makers, in legible writing or print, the words ' given for a patent-right.' "

This law is, I think, clearly unconstitutional.   It was so held, in respect to similar laws, in *Helm* v. *First Nat. Bank*, 43 Ind. 167, following the decision in *Ex parte Robinson*, 2 Biss. 309.   See, also, *Grover & Baker S. M. Co.* v. *Butler*, 53 Ind. 454; *Fry* v. *State*, 63 Ind. 552; *Toledo Agr. Works* v. *Work*, 70 Ind. 253.

It is claimed that these cases are inconsistent with the opinion of the supreme court of the United States in *Patterson* v. *Kentucky*, 97 U. S. 501.   But that case has reference to local restrictions upon the sale or use of tangible property; and, notwithstanding the property was manufactured or produced under letters patent, it was held that the enforcement of the statute of the state interfered with no right conferred by the letters patent.   The case manifestly has no application here; the notes in suit having been given, not for tangible property, but for a right in letters patent, in respect to which the states can impose no restrictions.   Motion sustained.