WOODS v. CARL.

Opinion delivered May 6, 1905.

1. NOTE—PATENT RIGHT AS CONSIDERATION.—A note reciting as a consideration the sale of an undivided half interest in a business consisting of the sale and manufacture of a patented article in the State is

a sale of. a patent right, within the meaning of Kirby's Digest, § § 513-516. (Page 331.)

2.  NEGOTIABLE INSTRUMENTS—VALIDITY OF PATENT RIGHT ACT.—The act of April 23, 1891, providing that negotiable instruments executed in consideration of the sale of patented machines or patent rights shall be executed on printed forms showing the consideration, and that no person shall be deemed an innocent holder of such instrument (Kirby's Dig. § § 513-516), is a valid exercise of police power, and does not impair the rights conferred by the patent issued by the Federal government nor invade the constitutional authority of Congress. (Page 332.)

3.  SAME.—If it be conceded that section 4 of the act of April 23, 1891, exempting from the operation of the three preceding sections "merchants and dealers who sell patented things in the usual course of business," conflicts with the clause of Amendment Fourteen of the Federal Constitution guarantying to all persons within the jurisdiction of the State "the equal protection of the laws," the preceding sections are valid and enforceable. (Page 335.)

4.  APPEAL—HARMLESS ERROR.—The giving of an erroneous instruction was not prejudicial if the verdict was right upon undisputed evidence. (Page 335.)

Appeal from Pulaski Circuit Court, Second Division.

EDWARD W. WINFIELD, Judge.

Affirmed.

STATEMENT BY THE COURT.

Appellants sued appellee to recover upon a negotiable promissory note executed by the latter to the Human Gas Company, and which said payee, for a valuable consideration, assigned to appellants before maturity. Appellee, for defense, alleged that "the consideration of the note sued on herein was the sale to him by the said Human Gas Company of a certain patented machine, * * * and the right to the patent thereof in Arkansas, and the said note, not being executed in the form required by law, is absolutely void."

The facts are undisputed. The Human Gas Company, a partnership composed of C. G. Human, Chas. Heberer, and J. W. Hansell, were the owners of the right to manufacture and sell in the State of Arkansas, and other States, a patented machine known as the Human Automatic Acetylene Gas Generator used for the purpose of generating gas; and in consideration of the

note sued on, and the payment of the sum of $200, executed to appellee a written contract reciting that they "have sold, and by these presents do sell, to Frank Carl of Little Rock, Ark., party of the second part, an individed one-half interest in our business to be known as the Human Gas Company of Arkansas for the sale and manufacture of the Human Automatic Acetylene Gas Generator in the said State of Arkansas."

The court instructed the jury as follows: "If you find that this note was given for a patent right machine, or territory, you will find for defendant; if not, you will find for plaintiffs." To which instruction plaintiffs excepted.

The jury returned a verdict for the defendant, and the plaintiffs appealed.

*Mechem & Mechem,* for appellants.

The court erred in refusing to direct a verdict for the plaintiffs, and in submitting the case as coming within section 513 of Kirby's Digest. 67 Ark. 575; 70 Ark. 200; 97 U. S. 501; 36 Oh. St. 370; 39 Oh. St. 236; 86 Pa. St. 173; 70 Ill. 110; 37 Mich. 309; 3 Lea, 22; 14 Neb. 134; 23 Minn. 24; 2 Biss. 309; 2 Flip. 33; 25 Fed. 394; 51 Fed. 774; 118 U. S. 356; 120 U. S. 68; 183 U. S. 79; 184 U. S. 540; 127 Fed. 206.

*Ratcliffe & Fletcher,* for appellee.

The evidence showed that the note was given for a patent or patent right. 17 Wall. 543; 67 Ark. 575. Our statute is not in conflict with the power of Congress. 60 Ark. 114; 70 Ark. 200; 41 L. R. A. 548; 107 Tenn. 499; 108 Ind. 370; 109 N. Y. 127; 102 Ind. 528; 116 Ind. 118; 105 Ind. 250; 41 S. W. 447; 86 Pa. 173; 75 Pac. 110; 103 U. S. 344; 97 U. S. 511; 36 Oh. St. 370. Our statute is not in conflict with the Fourteenth Amendment. 170 U. S. 293; 173 U. S. 404; 174 U. S. 96; 185 U. S. 308; 194 U. S. 267; 103 U. S. 344.

McCULLOCH, J., (after stating the facts.) The note sued on does not conform to the provisions of the act of April 23, 1891 (Kirby's Dig. § § 513-516), in that it does not show upon its face that it was executed in consideration of the sale of a patented article or patent right.

The statute in question is as follows:

"Sec. 513. Any vendor of any patented machine, implement, substance, or instrument of any kind or character whatsoever, when the said vendor of the same effects the sale of the same to any citizen of this State on a credit, and takes any character of negotiable instrument in payment of the same, the said negotiable instrument shall be executed on a printed form, and show upon its face that it was executed in consideration of a patented machine, implement, substance or instrument, as the case may be, and no person shall be considered an innocent holder of the same, though he may have given value for the same before maturity, and the maker thereof may make defense to the collection of the same in the hands of any holder of said negotiable instrument; and all such notes not showing on their face for what they were given shall be absolutely void.

"Sec. 514. The foregoing section shall also apply to vendors of patent rights and family rights to use any patented thing of any character whatever.

"Sec. 515. Any vendor of any patented thing of any character, or any vendor of any patent right or family right to use any patented thing of any character whatsoever who shall violate the provisions of section 513 shall upon conviction be punished by a fine of not more than three hundred dollars.

"Sec. 516. This act shall not apply to merchants and dealers who sell patented things in the usual course of business."

Appellants contends, in the first place, that the contract in evidence shows neither a sale of a patented article nor a patent right, but we think it is quite clear that the contract must be construed as a sale of a patent right. It in express terms conveys to appellee an undivided one-half interest in the business of manufacturing and selling a patented machine in the State of Arkansas for an unlimited time, and provides that "in the event the net earnings of the Human Gas Company have not been sufficient to cover the amount of the said Frank Carl's investment by January 1, 1902, then the Human Gas Company hereby agree and bind ourselves to relinquish all of our right, title and interest in and to the said State of Arkansas, * * * and give said Frank Carl a good deed and manufacturer's right in and to the

said State of Arkansas for the sale and manufacture of the Human Automatic Acetylene Gas Generator." A conveyance of an interest in the right to sell a patented article in a given territory is as much a sale of a "patent right" as a conveyance of the entire right to sell in the territory. No distinction can be made between the transactions in this regard. *New* v. *Walker,* 108 Ind. 370; *Pinney* v. *First Nat. Bank* (Kan.), 75 Pac. 119.

It is urged by appellants that this statute is in conflict with § 8, art. 1, of the Constitution of the United States, giving to the Congress of the United States the power "to promote the progress of science and useful arts by securing, for limited times, to authors and inventors the exclusive right to their respective writings and discoveries."

In the case of *Tilson* v. *Gatling,* 60 Ark. 114, this court had under consideration the act of April 9, 1891 (Kirby's Digest, § 512), changing the rules of the law merchant concerning commercial and negotiable paper, so as to permit the payee or drawee of such paper executed in payment of a patent right, or patent right territory, to make all defenses against the assignee or holder of such paper that he could have made against the original payee or drawee, whether such paper be assigned before maturity or not; and that statute was held not to invade the power of Congress to create patent rights, etc. It is difficult to perceive any distinction between the validity of the two statutes in that regard; for if the Legislature had the rightful power to pass one of the statutes, it had also power to pass the other. If the jurisdiction of Congress over the subject of patents and patent rights is so extensive as to exclude the power of a State to declare void, unless made in certain form, written obligations given in consideration of sales of patent rights, or patented articles, then it also follows that the State is powerless to alter the established rules of the law merchant so as to permit defenses, not applicable to other negotiable paper, to be made to such paper given in consideration of sales of patent rights or patented articles. The argument of learned counsel for appellants that such legislation is an improper "discrimination against patented articles by imposing upon their sale conditions and restrictions not placed upon the sale of other similar articles" is as cogent against one of the statutes on the subject as against the other.

In *Wyatt* v. *Wallace*, 67 Ark. 575, the precise question was presented there as presented here, and the court held that there could be no recovery upon the note sued on. We are asked by counsel to review the question, inasmuch as in the last-named case the alleged conflict between the statute and the constitutional power of Congress on the subject was not discussed, either in the argument of counsel or the opinion of the court. This question was before the Supreme Court of Tennessee in a recent case, *State* v. *Cook*, 107 Tenn. 499, and that court held that a statute similar to our own was valid, and not in conflict with the Constitution of the United States. The reasoning of the court, in the very lucid opinion by Judge Caldwell, where all the authorities are carefully reviewed, is, to our minds, conclusive of the proposition that such legislation by the States is not in conflict with the Federal Constitution. In Tennessee, as in Arkansas, the Legislature first enacted a statute permitting the same defenses against negotiable paper in the hands of any holder or assignee as while in the hands of the original payee; and later another statute was passed declaring it to be unlawful to accept a note given for the sale of a patent right unless it shall appear upon the face of the note that the same is given in the purchase of a patent right. The learned judge, in the case cited, said: "The two statutes are to be construed together as different parts of the same legislative scheme. Their combined effect, when each is strictly observed and enforced, is simply to prevent written obligations for the purchase of patents or interests therein from being negotiable in the highest sense, and to subject them in whosesoever hands to all defenses available to the maker against the original payee. So construed, neither act by itself, nor the two combined into a single scheme, can be truly said to contravene any provision of the Federal Constitution and statutes in reference to patents, or to restrict or impair the right of sale guaranteed thereby. * * * These statutes are also sustainable as valid police regulations, having been passed in good faith for the real promotion of the public welfare, and being well calculated to accomplish that end through the fair and much needed protection thereby afforded against imposition and fraud so often and so easily perpetrated in the sale of the peculiar incorporeal right or intangible property contemplated." This view is sustained

by the following decisions of the courts of last resort of other States. *Sandage* v. *Studebaker,* 142 Ind. 148; *Hankey* v. *Downey,* 116 Ind. 118; *New* v. *Walker,* 108 Ind. 370; *Union National Bank* v. *Brown* (Ky.), 41 S. W. 273; *Mason* v. *McLeod,* 57 Kan. 105; *Pinney* v. *First Nat. Bank* (Kan.), 75 Pac. 119; *Tod* v. *Wick,* 36 Ohio St. 370; *Haskell* v. *Jones,* 86 Pa. 173; *Patterson* v. *Kentucky,* 97 U. S. 501.

The Kentucky Court of Appeals, in passing upon a similar statute, said: "The right to prescribe regulations for the protection of its citizens against fraud and imposition is not taken from the State by the Federal Constitution or by any National statute. On the contrary, it may be considered as having been authoritatively settled that the National government cannot exercise police powers for the protection of the inhabitants of a State. These are local matters, and must be governed and regulated by the State." *Union National Bank* v. *Brown, supra.*

In *New* v. *Walker, supra,* the Supreme Court of Indiana said concerning a statute on this subject: "As the Federal Legislature cannot enact police regulations which will yield the citizen of the State just protection, it must be that the State Legislature may enact such regulations, or the citizens be left without protection. We are unwilling to declare that vendees of patent rights cannot be restrained by reasonable police regulations, and we do therefore declare that the provisions of the statute under immediate mention, being in the nature of police regulations, are constitutional and valid."

The contrary view is expressed, with more or less directness, in the following cases in State courts: *Hollida* v. *Hunt,* 70 Ill. 109; *Cranson* v. *Smith,* 37 Mich. 309; *Welch* v. *Phelps,* 14 Neb. 134; *Crittenden* v. *White,* 23 Minn. 24; and in the following Federal cases: Ex parte *Robinson,* 2 Bis. 309; *Woollen* v. *Banker,* 2 Flip. 33; *Castle* v. *Hutchinson,* 25 Fed. 394; *Reeves* v. *Corning,* 51 Fed. 774; and *Pegram* v. *American A. Co.,* 122 Fed. 1000.

We have no hesitancy in reaching the conclusion that those cases are best supported by reason which hold to the doctrine that such statutes as that now under consideration do not amount to an interference with or impairment of the rights conferred by the patent issued by the Federal Government, nor to an inva-

sion of the constitutional authority of Congress. We therefore adhere to the rule announced by this court in *Wyatt* v. *Wallace, supra,* and *Tilson* v. *Gatlin, supra,* that the statutes in question are valid.

It is urged by appellants' counsel in argument that the last section of the act of April 23, 1891, exempting from its operation "merchants and dealers who sell patented things in the usual course of business," violates that clause of the Fourteenth Amendment of the Constitution of the United States guarantying to all persons within the jurisdiction of a State "the equal protection of the laws," and renders the entire act void. Our attention is cited by counsel, among other authorities thought to sustain their contention on this point, to the opinion of Judge Rogers in the recent case of *Union County National Bank* v. *Ozan Lumber Co.,* 127 Fed. 206, but we do not find it necessary to review these authorities, nor to pass upon the question now, as it is not essential to a decision of this case. The exemption in question applies only to the sale of "patented things" in the usual course of business, and not to the sale of patent rights. If it be conceded that this exemption be an improper discrimination (which we do not decide) as to those who sell patented articles, and renders the act void as to its application to all sales of patented articles, it leaves the act unimpaired in its application to the sale of patent rights, The act may be unconstitutional and void as to its application to part of the subject-matter, and valid as to others, and we think this rule preserves, unimpaired, the provisions of the statute with reference to notes given for the sale of patent rights. *Leep* v. *Railway,* 58 Ark. 407; *State* v. *Deschamp,* 53 Ark. 490; *L. R. & F. S. Ry.* v. *Worthen,* 46 Ark. 312; *State* v. *Marsh,* 37 Ark. 356; *Union County Bank* v. *Ozan,* 127 Fed. 206; Cooley's Const. Lim. (7th Ed.) pp. 246, 250.

Though section 1 of the act applies primarily only to the sale of patented articles, even if it be held to be void as to its application to those articles, it will yet be retained so as to carry the application of the second section to it as to the sale of patent rights.

It is further contended that the cause should be reversed because the court erred in submitting to the jury the question

as to whether or not the note was given for sale of a patented machine, when there was no evidence of such sale. The instruction was erroneous in this respect; but no harm resulted, as the facts were undisputed, and, upon proper construction of the contract, and applying the law as herein declared, the verdict was right.

Affirmed.