OZAN LUMBER CO. v. UNION COUNTY NAT. BANK OF LIBERTY, IND.

(Circuit Court of Appeals, Eighth Circuit.   April 4, 1906.)

No. 2,205.

CONSTITUTIONAL LAW—VALIDITY OF STATE STATUTE—DISCRIMINATION AGAINST PATENTED ARTICLES.

Act. Ark. April 23, 1891 (Sand. & H. Dig. §§ 493–496), which provides that every negotiable instrument taken in payment for any patented machine, implement, substance, or instrument shall be executed on a printed form showing upon its face that it was so taken, making its violation punishable by a fine, and all such negotiable instruments not so showing on their face absolutely void, is unconstitutional and void, as creating a discrimination between articles of property of the same class or character, based solely on the fact that those discriminated against are protected by a patent granted by the United States.

In Error to the Circuit Court of the United States for the Western District of Arkansas.

For opinion below, see 127 Fed. 206.

The lumber company, in the purchase from a manufacturer of a machine for loading logs upon cars, gave 11 promissory notes negotiable in form. The bank acquired the notes in the regular course of business for value and before maturity, and upon default in payment brought action against the lumber company. The latter asserted by way of defense that the machine was covered by letters patent of the United States, that the notes were not executed upon a printed form showing that the consideration was a patented machine or implement as required by an Arkansas statute, and that under the statute the bank was not an innocent purchaser, and the notes were absolutely null and void. The Arkansas statute referred to (sections 493–496, Sand. & H.

Dig.) provides that every negotiable instrument taken in payment for any patented machine, implement, substance, or instrument shall be executed on a printed form showing upon its face that it was so taken, no person shall be considered an innocent purchaser thereof though he may have given value for the same before maturity, the maker may interpose defense to the collection of the same in the hands of any holder, and, finally, that all such negotiable instruments not showing on their face for what they were given shall be absolutely void. A violation of the statute is punishable by a fine. A demurrer to this defense was sustained, and the bank had judgment.

T. C. McRae, W. V. Tompkins, and U. M. Rose, for plaintiff in error.

Morris M. Cohn, for defendant in error.

Before VAN DEVANTER and HOOK, Circuit Judges, and LOCHREN, District Judge.

HOOK, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The question presented is that of the validity of the Arkansas statute, which, as applied to this case, declares that the notes are nonnegotiable and are null and void in the hands of an innocent purchaser, because they were not executed upon printed forms showing on their face that they were given in payment of a patented machine. It will be noticed that the statute strikes directly at the protection afforded by a patent issued by the national government, and that it does not proceed upon any consideration of the character of the machine itself, or the use for which it is designed. If the manufacture and sale of the machine were not protected by letters patent, the statute would not be applicable, nor would it apply if a patent once issued had expired by limitation. In other words, were it not for the patent, the case would not be within the statute. If the notes had been given for a car-loading machine precisely like the one in question, but upon which no patent had been obtained, they would then be valid obligations free from all equities in the hands of an innocent purchaser. These observations narrow the inquiry, and the question is whether a state may so discriminate by hostile legislation against rights granted by the United States pursuant to the provisions of the Constitution.

This legislation has been upheld by the Supreme Court of Arkansas. Tilson v. Gatling, 60 Ark. 114, 29 S. W. 35; Wyatt v. Wallace, 67 Ark. 575, 55 S. W. 1105; Roth v. Bank, 70 Ark. 200, 66 S. W. 918, 91 Am. St. Rep. 80. And it is claimed that authority for it may also be found in Patterson v. Kentucky, 97 U. S. 501, 24 L. Ed. 1115, and Webber v. Virginia, 103 U. S. 344, 26 L. Ed. 565. There is a widespread misconception of the doctrine of these two cases, and it has been freely employed in support of conclusions which in our opinion are radically different from those announced by the Supreme Court. In the Patterson Case, a Kentucky statute, enacted in the rightful exercise of the police powers of the state, provided for the inspection and gauging of illuminating oils and fluids, recognized as standard those that ignited and permanently burned at a specified temperature, and condemned as unsafe for illuminating purposes those that more

quickly yielded to combustion. It was sought to exempt from the operation of this statute a certain patented oil which could not be made to comply with the test, and the exemption claimed rested solely upon the ground that the oil was protected by letters' patent. The right was asserted to sell the patented oil in any part of the United States without regard to local statutes or regulations. It will be observed that there was no discrimination whatever against any right or privilege granted by and enjoyed under the Constitution and laws of the United States. On the other hand, there was an assertion by Patterson of a special immunity and exemption of the patented oil from local laws properly enacted with reference to all property of the class described whether possessing patented features or not. It was held by the Supreme Court that there was no such exemption from the operation of the police laws of the state.

In the Webber Case there was an attempt by an agent of a manufacturing company to escape the operation of the tax and license laws of Virginia, upon the ground that the machines sold by him were covered by a patent. The laws in question had a general application and did not relate exclusively to those who sold patented articles. It was held that the right conferred by the patent laws upon inventors to sell their inventions and discoveries did not remove the tangible property to which the invention or discovery was applied from the operation of the local laws.

Similar questions were presented in Jordan v. Overseers, 4 Ohio, 295, and Vannini v. Paine, 1 Har. (Del.) 65. In the first of these cases the assignee of a patent for making, using, and vending a certain medicine contended for the invalidity of an Ohio statute regulating the practice of physic and surgery, and in the second it was claimed that a statute prohibiting lotteries did not operate against a patented mode of conducting such prohibited business.

Some courts have upheld local statutes requiring that notes taken in the sale of patent rights, as distinguished from the corporeal articles in which the invention or discovery is exhibited, shall recite such facts upon their face under penalty of invalidity of the notes or the imposition of a fine (Tod v. Wick, 36 Ohio St. 370; Mason v. McLeod, 57 Kan. 105, 45 Pac. 76, 41 L. R. A. 548, 57 Am. St. Rep. 327; New v. Walker, 108 Ind. 365, 9 N. E. 386, 58 Am. Rep. 40; Herdic v. Roessler, 109 N. Y. 127, 16 N. E. 198; Hankey v. Downey, 116 Ind. 118, 18 N. E. 271, 1 L. R. A. 447; Sandage v. Manufacturing Co., 142 Ind. 148, 41 N. E. 380, 34 L. R. A. 363, 51 Am. St. Rep. 165; Haskell v. Jones, 86 Pa. 173; Pinney v. Bank, 68 Kan. 223, 75 Pac. 119); and in some of the cases Patterson v. Kentucky is cited in support of the conclusions reached. Other courts have denied the validity of such statutes (Pegram v. Alkali Co. [C. C.] 122 Fed. 1000; Reeves v. Corning [C. C.] 51 Fed. 774, 787; Castle v. Hutchinson [C. C.] 25 Fed. 394; Helm v. Bank, 43 Ind. 167, 13 Am. Rep. 395; Cranson v. Smith, 37 Mich. 310, 26 Am. Rep. 514; Crittenden v. White, 23 Minn. 24, 23 Am. Rep. 676; Woollen v. Banker, 2 Flip. 33, 30 Fed. Cas. No. 18,030, opinion by Justice Swayne at the circuit; State v. Lockwood, 43 Wis. 403; Wilch v. Phelps, 14 Neb. 134, 15 N. W. 361; Hollida v.

Hunt, 70 Ill. 109, 22 Am. Rep. 63; Ex parte Robinson, 2 Biss. 309, Fed. Cas. No. 11,932, opinion by Justice Davis at the circuit), and some of them have distinguished Patterson v. Kentucky by directing attention to the fact that it related to the tangible product of an invention which had become a part of the general mass of property within the state, while the statutes under consideration were leveled exclusively against the incorporeal patent rights granted by the United States.

The doctrine of the Patterson and Webber Cases is clear and well defined. It is that the tangible products of an invention become a part of the mass of property of the state and fall within the domain of its police power, and that immunity from the lawful exercise of that power cannot be claimed solely because of the incident of the patent. But it is an entirely different thing to say that, merely because articles are patented, they may for that reason be selected from the mass of other property of like character for invidious and hostile discrimination. If the Kentucky statue had been directed against certain oils solely because they were compounded under a patented formula, and had excluded from its operation unpatented oils of like character that would ignite and burn at the same temperature, a different question would have been presented from that determined by the Supreme Court; and in the Webber Case, if the Virginia statute had required those who sold sewing machines protected by a patent to obtain a license and pay a tax when such burdens were not imposed upon the vendors of unpatented machines, a different conclusion would, in our opinion, have followed. State v. Butler, 71 Tenn. 222; In re Sheffield (C. C.) 64 Fed. 833. In the case at bar the statute does not regard the character of the machinery as such, but is directed solely against the casual incident of the patent. To say that the protection afforded by letters patent, because of its peculiar characteristics, presents a subject for the exercise of the police power of the state which may be specially selected for discriminatory legislation is to say that the state has power to seriously burden and impair a right granted by Congress under the authority of the Constitution. There is no such difference between patented articles and those of like character not patented as will justify such hostile legislation against the former as is exhibited in the statute under consideration. It is the right of a patentee to use and enjoy the privilege granted to him, and to manufacture and vend the tangible property in which his discovery or invention is exhibited to the same extent and with the same freedom as those who deal in like but unpatented articles. Indeed, this view is expressed in one of the very cases relied on to reverse the judgment of the Circuit Court. In Webber v. Virginia it was said:

"The combination of different materials so as to produce a new and valuable product or result, or to produce a well-known product or result more rapidly or better than before, which constitutes the invention or discovery, cannot be forbidden by the state, nor can the sale of the article or machine produced be restricted except as the production and sale of other articles, for the manufacture of which no invention or discovery is patented or claimed, may be forbidden or restricted."

In the manufacture and sale of articles of commerce, the right to extend credit and to take negotiable paper which may readily be discounted and the proceeds turned back into the channels of the business, that its volume may be increased, is a valuable one, and is extensively and beneficially employed. That this right may, under an assumed exercise of the police power of a state, be denied those engaged in the manufacture and sale of articles covered by letters patent of the United States, and merely because of such fact, while its free exercise is permitted to all others, is inadmissible. With equal reason a state may destroy the negotiability of all notes taken by national banks, by other corporations organized under the laws of the United States, by citizens of other states, and in interstate commercial transactions, and may place all such notes in a special and discredited class for the better protection of its own citizens who may be the makers thereof. It is obvious that this cannot be done.

The judgment of the Circuit Court is affirmed.