## BASHAW *v.* VANCE.

### Opinion delivered February 5, 1912.

PATENTS—NOTES—INNOCENT PURCHASER.—Under Kirby's Digest, section 513, providing that no person shall be considered an innocent holder of a note given in payment for any patent right or patent-right territory "though he may have given value for the same before maturity," there can be no such thing as an innocent holder for value of a note that is executed for a patent right or for patent-right territory.

Appeal from Hot Spring Chancery Court; *Jethro P. Henderson,* Chancellor; reversed.

*Duffie & Duffie,* for appellant.

The rights and liabilities of parties to a note executed for a patent right and patent-right territory form an exception to the law merchant, and are clearly defined by our statute. Kirby's Digest, § § 512-514. Under the statute the maker can make *all defenses* against the holder of such a note that could be made against the original payee, and no person is an innocent purchaser or holder, thereof, whether transferred before maturity or not. The statute is valid. 207 U. S. 257; 203 U. S. 358; 86 Ark. 155.

*E. H. Vance, Jr., pro se.*

All that appellee had to take notice of was that the note was given for an interest in a patent, and that the maker could interpose all defenses against him that he could have made against the original payee for fraud, imposition and want of consideration; but if there was no fraud perpetrated upon the maker in the execution and delivery of the note, if there has been no failure of consideration and no fraud or knowledge of fraud on the part of the assignee in the assignment to him, then appellee would be a *bona fide* holder and entitled to recover. 41 Ark. 242; 42 Ark. 22; 61 Ark. 81; 90 Ark. 93; 94 Ark. 426.

WOOD, J. The question in this case is whether or not the assignee of a note given for a patent right and patent-right territory for value before maturity is an innocent purchaser for value so as to preclude the maker of the note from setting up the defense of payment when sued by the assignee where there was no fraud or deception practiced upon the maker by the payee in the purchase of the patent right or patent-right territory.

It is contended by the appellee that the only defense against a holder of such note who has bought same before maturity and paid value therefor are fraud practiced upon the maker of the note at the time of its execution, or failure of consideration by reason of defect of title, or some legal defense to the payment of the note growing out of the original contract on which the note was executed.

The statute provides that the payer or drawer in all notes executed in payment of any patent right or patent-right territory shall be permitted to make all the defenses against any assignee, indorser, holder or purchaser of such note that could

have been made against the original payee, whether such note be assigned or transferred before maturity or not. The statute further provides that the vendors of patent rights who may effect the sale of same to any citizen of this State on a credit, and who take a negotiable instrument in payment of the same, shall have such instrument executed on a printed form, showing upon its face that it was executed in consideration of the patent right, etc.; and further provides: "No person shall be considered an innocent holder of the same before maturity, and the maker thereof may make defense to the collection of the same in the hands of any holder of said negotiable instrument."

It will be observed that the statute makes no exception in favor of the assignee in cases where there has been no fraud or deception practiced upon the maker of the note by the seller of the patent right. The statute is comprenhensive in its terms, and its language is unambiguous. There is really nothing left for construction.

The statute allows the "payer to make all the defenses against any assignee that could have been made against the original payee," and provides, "no person shall be considered an innocent holder of the same, though he may have given value for the same before maturity." Kirby's Digest, § § 513, 514. In other words, under the statute there can be no such thing as an innocent holder for value of a note that is executed in payment for a patent right and patent-right territory. Prospective purchasers of such note are given warning by the face of the paper and the law that they buy such paper at their peril.

The statute was enacted to promote wise public policies, and is a valid exercise of the police powers of the State to regulate and control commerce of the particular class mentioned therein. *Woods* v. *Carl*, 75 Ark. 328; *Columbia County Bank* v. *Emerson*, 86 Ark. 155; *Ozan Lumber Co.* v. *Union County Nat'l Bank*, 207 U. S. 257; *Woods* v. *Carl*, 203 U. S. 358.

A decided preponderance of the evidence shows that the appellee paid the note before the same was assigned to appellant. The cause on this point seems to have been fully developed.

The chancery court held that appellee was an innocent purchaser. The judgment in his favor is erroneous, and the cause is reversed, and the complaint dismissed for want of equity.