### PARISH *v.* SMITH.

Opinion delivered June 17, 1918.

BILLS AND NOTES—SALE OF PATENT RIGHT.—A note given in the following form: "* * * This note is executed in consideration of a patent harrow, upon the invention of D. C. S. * * *," *held* valid under Kirby's Digest, § § 512-13-14.

Appeal from Van Buren Circuit Court; *John I. Worthington,* Judge; affirmed.

The appellant *pro se.*

1. It was error to set aside the default judgment. No valid defense was alleged. K. & C. Dig., § 5163; 83 Ark. 17; 90 *Id.* 86; 99 *Id.* 374; 104 *Id.* 449.

2. No notice was given and appellant is not bound. 3 R. C. L., § 373.

3. Appellee Smith by his endorsement warranted that the instrument was a valid existing instrument. K. & C. Dig., § § 7005, 6974, 7006. Smith's endorsement was unqualified and an implied warranty and a verdict should have been directed for appellant. 57 Ark. 461; 4 L. R. A. (N. S.) 776.

4. The notes were void but the endorsers are liable. K. & C. Dig., § § 7005-6; 3 R. C. L., § 383; 53 Ark. 295; 10 L. R. A. (N. S.) 542; 163 U. S. 385.

*Fraser & Fraser,* for appellees.

1. The default judgment was properly set aside. The motion was verified and set up a good and valid defense. It was set aside during the term of court. 107 Ark. 415.

2. There was no error in admitting evidence nor in the instructions. 8 C. J. 1066.

3. The verdict is neither contrary to law nor the evidence. K. & C. Dig., § 7005. The notes were not void. They were in substantial compliance with the statute. Appellant was not an innocent purchaser. K. & C. Dig., § 7135; 102 Ark. 274.

4. Defendants were not liable as endorsers. No demand or notice was given. 57 Ark. 441; 62 *Id.* 595.

McCULLOCH, C. J. This is an action instituted by the plaintiff, Daniel Parish, against defendants, D. C. Smith and J. V. Bowling, as endorsers of two promissory notes executed by certain parties to Smith, and by him transferred to Bowling, who in turn transferred the same to plaintiff. Smith's transfers to Bowling were endorsed on the back of each note in the following words: "I do hereby transfer the within note to J. V. Bowling. (Signed) D. C. Smith." The transfers by Bowling to Parish, endorsed on each note, were in the following words: "I hereby transfer the within note to Daniel Parish for value received, but do not endorse it."

It is alleged in the complaint that each of the notes was executed in consideration of the sale of patent right

territory by Smith to the makers of the notes, and that the notes were void for the reason that they were not executed in compliance with the statute of this State governing the execution of such notes. The allegation of the complaint with respect to each note is that it was executed for the sale of patent right territory, but that the note recited that it was executed "for a patent harrow." The makers of the notes are not sued and there is no allegation in the complaint of demand or notice so as to give a right of action against defendants as guarantors of the solvency of the makers. The defendants are sued upon implied warranty as to the validity of the notes described in the complaint on the ground that the notes were invalid because they were not issued in compliance with the statute.

The notes were executed in December, 1912, which was prior to the passage of the negotiable instrument law, and they are, of course, governed by the law as it existed at the time they were executed. The statute provides that the makers of notes executed in payment "of any patent right or patent right territory shall be permitted to make all the defenses against any assignee, endorser, holder or purchaser of such note * * * that could have been made against the original payee or drawee, whether such note * * * be assigned or transferred before maturity or not," and that a negotiable instrument given in payment of any patented machine, implement, etc., or patent right, shall be void unless the instrument "shall be executed on a printed form, and show upon its face that it was executed in consideration of a patented machine, implement," etc. Kirby's Digest, § § 512-13-14.

We are of the opinion that the notes were executed in substantial compliance with the statute and were not void. The recital in each of the notes is as follows:

"It is understood that this note is executed in consideration of a patent harrow, upon the invention of which David C. Smith of Formosa, Arkansas, obtained letters patent of the United States, which letters patent

are numbered 698,049, and bear date the 9th day of September in the year 1912."

This recital is a little indefinite as to whether it meant the sale of a patented article or a patent right or patent right territory. A sale of "patent right territory" amounts to a sale of a "patent right." *Woods* v. *Carl,* 75 Ark. 328.

The purpose of the lawmakers was to require a note of that kind to carry upon its face the evidence of the consideration so as to put purchasers upon notice of any infirmity. So we are of the opinion that the notes in suit contain sufficient recitals to put purchasers upon notice of the fact that the consideration was a sale of a patent right. The instruments were, therefore, valid, and the right of action against the endorsers did not accrue until after demand upon the makers and notice of nonpayment.

There are other questions concerning the effect of the particular form of endorsements which we need not discuss in view of the fact that we have reached the conclusion that the instruments are valid.

It is also contended that the court erred in setting aside a default judgment in favor of the plaintiff. This was done during the term at which the former judgment was rendered and the order setting aside the judgment, under those circumstances, is not appealable.

Affirmed.