IRON MOUNTAIN & HELENA RAIL ROAD v. STANSELL.

1. CHANGE TICKETS : *Evidence*

In an action for money due on a contract, change tickets issued by the defendant in violation of the statute and delivered in payment of the debt, though illegal, may be used as evidence of the amount due on the contract. They are a written admission that the maker has received the value expressed in them.

2. CONTRACTS : *Entire and Separable* : *Change Tickets* : *Statute Limitations* : *Interest.*

In 1873 the I."M. & H. Ry. Co. contracted with A. for the construction of the road from Helena to Forest City for a specified compensation, payable in instalments, which being unable to pay, they in 1874, issued to A. change tickets in the sum of five dollars, in a form prohibited by statute and payable to bearer in freight or passage six months after the completion of the road. A. with the knowledge and consent of the company delivered a part of the tickets to a sub-contractor, B. for work done by him in 1875. Six months after the completion of the road the company refused to honor the tickets held by B. and he sued them for the amount of work represented by the tickets. HELD : 1. That B. was the equitable assignee of the demand which the tickets professed to represent and could recover so much of the claim of A against the company as was represented by the tickets, and they, though illegal, were evidence of the amount. 2. The contract with A. being entire and indivisible the statute of limitations did

not run against any part of the demand until the whole road was completed. 3. But as the work was payable in instalments B's demand bore interest from the time he received the tickets.

APPEAL from *Phillips* Circuit Court.

Hon. J. C. PALMER Special Judge.

*L. H. McGill* for appellant.

The certificates being issued on bank note paper, in the similtude of bank notes, and intended to circulate as money were void. *Gantt's Dig. Sec's.* 748-752; *Bishop on Cont. Sec.* 458; 5 *Ark.,* 358; 32 *Id.,* 631; 17 *Mass.* \* *p.* 259; 21 *Iowa,* 565; 9 *Paige,* 470; 12 *Wall.,* 342 : 4 *Id.,* 447; 3 *McLean C. C.,* 102; *Ib.,* 265. If appellee had any right it was against the individuals who signed them. *Gantt's Dig., supra;* 32 *Ark.,* 640-2-3. Appellee was not an innocent holder for value, as he received them knowing them to have been illegally issued. 5 *Ark.,* 358; 9 *Paige,* 470; 2 *Hill,* 241. Not being promissory notes, but non-negotiable contracts, as assignee, appellee acquired no greater rights than the Construction Co. and the certificates were subject to all the defences that might have been set up against the assignor. 1 *Daniel Neg. Instr.,* 2d *Ed.* 46 &c.; 4 *Ark.,* 441; 3 *Id.,* 541; 16 *Cal.,* 285; 2 *Gall. C. C.,* 564; 11 *Otto,* 572.

There was no privity of contract, because there was no assignment of any of the claim against the railroad or any part of the contract—a mere delivery of the certificates, which carried only the right to collect the certificates, and not the right to sue upon the original contract. 16 *Cal.,* 255; *Ib.,* 285; 1 *Daniel on Neg. Inst.,* 2d *Ed. p.,* 684. Receiving only as collateral security, unless they were negotiable instruments, appellee was not a *bona fide* pur-

Iron Mountain & Helena Railroad v. Stansell.

chaser. *Jones on Pledges, Sec.* 134. The resolution of the Board of Directors was *ultra vires.*

Appellee's right of action accrued in 1875 and was barred by limitation.

If the suit was brought on the certificates interest did not begin until they were due, if on the contract for labor performed, the amount was unliquidated and uncertain, and no interest accrued until the amount was ascertained, 20 *Ark.,* 410; 21 *Id.,* 349; 102 *U. S.* 294.

Reviews 102 *U. S.* 294; 21 *N. Y.* 490; 12 *Wall.,* 349, distinguishing this case from those.

Our statute makes it unlawful not only to *issue* but to *receive* such paper. *Gantt's Dig. Sec.* 751-2.

*Stephenson & Trieber* for appellee.

Appellee does not sue upon the certificates, but for money due on the original contract, using them as evidence of the debt due.

While the certificates may be void, ( 5 *Ark.,* 684; 25 *Id.* 301; 32 *Id.* 619;), yet the original contract was valid, and appellee had the right to sue as the assignee of so much of the debt due the original contractors for work and labor done, and which the railroad received the benefit of, treating the payment in illegal paper, as no payment at all. 6 *Hill,* 340; 5 *Cranch C. C.,* 285; 10 *Wall.,* 676; 102 *U. S.* 299; 4 *Cent. L. J.* 247; 14 *N. Y.* 162; 15 *Id.* 9; 16 *Cal.,* 255; 16 *Id.,* 285; 96 *U. S.* 341; 39 *Ark.,* 139; 21 *N. Y.* 490.

Appellant is estopped by its own act. It cannot plead its own wrong. 16 *Cal.,* 255.

The contract is an entire one, and consequently unapportionable. It was for the whole work at a gross sum, and the statute did not commence to run until the work was completed. 10 *Ark.,* 326; 4 *Id.,* 199.

Appellee is entitled to interest as damages from the time payment was due in 1875. *Gantt's Dig. Sec.*, 4277; 20 *Ark.*, 419.

SMITH, J. The Iron Mountain & Helena Rail Road Company made a contract in 1873 with the Southern Construction Company for the building of its road. For work done and materials furnished the Construction Company was to receive all subscriptions voted by counties, cities and towns along the line of the road, as well as all subscriptions by individuals and all unsold stock of the railroad company. Being unable to collect these subscriptions promptly, so as to pay for the work as it proceeded, the board of railroad directors in 1874, by resolution, authorized the issue of certain "Freight and Transportation Certificates" to the amount of $50,000 and in the following form:

"Six months after the completion of the Iron Mountain & Helena Railroad from the City of Helena to Forrest City, or the crossing of the Memphis & Little Rock Rail Road, the Iron Mountain & Helena Rail Road Company will pay to bearer five dollars in freight, or passage, or other dues of the Iron Mountain and Helena Rail Road Company.

WM. H. CATE, President.

T. M. JACKS, Treasurer."

These certificates were engraved, with vignette, on bank-note paper and in form and appearance closely resembled ordinary bank bills. It was directed that they should be paid to the Construction Company and its subcontractors in lieu of the consideration named in the contract.

On the first of August, 1882, Stansell brought an action against the rail road company before a Justice of the

Peace for the indebtedness represented by thirty-six of these certificates and recovered judgment. An appeal was taken to the Circuit Court, where the plaintiff again prevailed, obtaining judgment for the debt and interest from the date when he received the certificates.

The defences seem to have been (1). That the certificates were intended by the rail road company to circulate as money, being in the similitude of bank-notes and were in violation of the statute, which prohibits unauthorized persons to issue notes and bills designed to be used as a circulating medium; (2) the statute of limitations, the certificates having been delivered in 1875 as part payment for money then due; and (3) if the plaintiff should be found entitled to recover any sum, no interest should be allowed for the time prior to the completion of the road to Forrest City in the month of December, 1881.

The testimony showed that Stansell had furnished cross-ties to the Construction Company to be used in building defendant's rail road. His contract was that, within twenty days after delivery of ties, he was to receive the acceptance of the Construction Company with the indorsement of some solvent party in St. Louis, and in the meantime was to hold the transportation certificates as collateral security. But the acceptance had never in fact been substituted for the certificates. Six months after the completion of the road to Forrest City, the plaintiff had tendered the certificates to the defendant in payment of freight and passage but they had been refused.

The court at the instance of the plaintiff, and against the objection of the defendant, instructed the jury, in substance as follows: 1st. That if the certificates were issued to be used as a circulating medium, or if the defendant promised to receive them in payment of debts

due it in lieu of money, they were void; but, nevertheless, if defendant delivered them to the S. W. Construction Company in payment of a just debt, and the S. W. Construction Company delivered them to plaintiff in payment of a just debt due by it to plaintiff, plaintiff was subrogated to the rights of the Construction Company and its assignee to the amount of certificates so held, and entitled to a verdict for that amount if defendant in no way participated in the issue of the illegal paper. 2nd. That if not issued for the purposes above stated, they were valid; and if plaintiff, after six months from the completion of the road to crossing of M. & L. R. R., tendered them to the defendant in payment of freight dues and they were refused, the finding should be for the plaintiff.

The court, on its own motion, and against the objection of the defendant instructed the jury in substance: 1st. That if the finding was for plaintiff interest should be computed at six per cent. per annum, from the day the bills were delivered to plaintiff.

2nd. That the statute of limitation did not begin to run till the completion of the rail road, admitted to be in December, 1881; the contract between the Rail Road Company and the Construction Company being a single contract for construction, although certain sums were due the Construction Company on estimates of work done and from which time the jury will award interest as damages.

The court refused to give the instructions asked by the defendant which were, in substance, as follows:

1st. That the certificates sued on were void; that their delivery to the construction Company by the I. M. & H. R. R. Co. was no payment of its indebtedness to the Construction Co.; that the Construction Co. might have disregarded such payment, and at once brought an action against the

R. R. Co. for the amount; that having a complete cause of action at the date of such delivery, the Construction Co. was required to assert it within 3 years or be barred by limitation; the plaintiff having only such rights as the Construction Company had and might assign, was compelled to enforce his rights under the assignment within three years; that if the certificates sued on were delivered to the Construction Company by the I. M. & H. R. R. Co. on the 5th day of June, 1875, and this action was not commenced until August, 1882, the finding should be for defendant.

2nd.   That the certificates sued on were issued in lieu of sums of money subscribed by individuals in aid of I. M. & H. R. R. Co. and were in no event to impose upon the R. R. Co. a personal liability in excess of such subscriptions, and that plaintiff can only recover by showing that such subscriptions have been collected by the R. R. Co. and not properly applied to the redemption of its certificates; that if no such collections have been made, or, if made, and properly applied to redemption of other certificates of the same issue, the finding should be for defendant.

3d.   That if the finding should be for plaintiff, interest should be computed at 6 per cent. per annum, from Dec, 1st, 1881, the date upon which the I. M. & II. R. R. was completed to Forrest City.

4th.   That the cause of action accrued 5th day of June, 1875, and if action was not brought in five years from date, finding should be for defendant.

5th.   That the cause of action accrued June 5th, 1875, and if the action was not brought within three years from that date, the finding should be for defendant.

The result of the present controversy does not depend on the validity or invalidity of these transportation certificates; nor upon the question whether, if they were issued in con-

Iron Mountain & Helena Railroad v. Stansell.

travention of a statute, a private corporation is obliged by law to redeem them.

Upon these points the curious may compar *Gantt's Digest Ch. XIX*, entitled *Change Tickets*; *Van Horn v. State*, 5 *Ark.* 349; *Anthony ex-parte Ib.*, 358; *Yeatts v. Williams Ib.*, 684; *Smith v. State* 21 *Id.*, 294; *Jones v. Little Rock*, 25 *Id.*, 301; *Lindsey v. Rottaken*, 32 *Id.*, 619.

The plaintiff does not sue on the paper, but for money due on the original contract, the certificates being used as evidence of the amount due. The main question is therefore whether the corporation defendant owes the plaintiff money on a contract, which it refuses to pay.

1. Contracts. The railroad company had an undoubted right to contract for the construction of its road. It did enter into a contract for that purpose with the construction company. A portion of that contract has been assigned, with the knowledge and consent of the rail road Company, to the plaintiff. And he has a legal right to demand pay for materials furnished under that contract, unless something has since occurred which closes the doors of justice against him. The defendant contends that its contract relations with the plaintiff have been satisfied by the delivery to him of illegal paper. But it there was an intentional fraud in issuing the certificates, Stansell does not appear to have participated in it.

The only party that has done any wrong is the defendant. The obligation to do justice rests upon all persons, natural or artificial, and if a corporation obtains the money or property of others without authority, the law will compel restitution or compensation. *Mansh v. Fulton County*, 10 *Wall.*, 676. No party is allowed to set up his own illegality or wrong to the prejudice of an innocent person, unless the legislatie power has not only forbidden the making of the contract, but has also declared it to be void. Now, although Change Tickets. these certificates, being in a form prohibited by law, may be

Iron Mountain & Helena Railroad v. Stansell.

worthless, so that no action can be maintained upon them, yet they are still capable of being used in evidence. They are a written confession that the maker has received the value expressed in them. And the plaintiff is the equitable assignee of the demand which the certificates professed to represent and is entitled to recover so much of the claim of the construction company against the rail road company as is equal to the amount of shin-plasters held by him. *Oneida Bank v. Ontario Bank,* 21 *N. Y.* 490 ; *Tracy v, Talmage,* 14 *Id.,* 162 ; *Curtis v. Leavitt,* 15 *Id.,* 9 ; *Shink v. Pulaski County* 4 *Dillom,* 209 ; *Merchants National Bank v. Little Rock,* 5 *Id.* 299, *affirmed,* 98 *U. S.* 308 ; *Wood v. Louisiana,* 5 *Dillon,* 122, *affirmed,* 102 *U. S.* 294 ; *School District v. Lombard,* 2 *Dillon* 493 ; *Kinsey v. Little River County,* 4 *Cent. Law Jour.,* 247 ; *Hitchcock v. Galveston,* 96 *U. S.* 341 ; *Argenti v. San Francisco,* 16 *Cal.,* 255 ; *Martin v. San Francisco, Ib.,* 285.

By the resolution of the directory, the original contractor was authorized to pay out the certificates, which were directed to be made transferrable by delivery and payable to the holder. Thus by its own act, the rail road company split up the original consideration, agreeing to become paymaster for the work to as many creditors as there might be holders of the certificates. And having received all the benefit to be derived from the transaction, it is estopped to deny this.

But it is insisted that, if the money was due when the certificates were issued, the plaintiff had a present cause of action and consequently is now barred by the statute of limitations. As the contract between the Construction company and the rail road company was for the construction of the whole line of defendant's road from Helena to Forrest City and was a single and indivisible contract, the statute did not begin to run in favor of the rail road company against any part of the sum due the construction company until the work was done and the road completed according to contract.

When a demand certain is payable by instalments, upon maturity and non-payment of one or more instalments, covenant will lie.   Nevertheless the obligee may wait until all the instalments become due and then bring debt.   *Inglish v. Watkins*, 4 *Ark.*, 199 ; *State v. Scogin*, 10 *Id.*, 326.

INTEREST.    This leaves only the question of interest.   The resolution provided for advances to be made from time to time, as the work progressed, but forty per cent. of the amount earned was to be withheld—doubtless to cover future possible failures on the part of the contractor.   Now, when, under the contract, payments or estimates became due to the construction company, which were not paid, they drew lawful interest from the time payment was due, which was in 1875. *Gantt's Dig. Sec.* 4277 ; *Watkins v. Wassell,* 20 *Ark.* 419.

The judgment is affirmed.