## WYATT *v.* WALLACE.

### Opinion delivered March 10, 1900

NOTE FOR PATENT RIGHT—VALIDITY.—Under Sand. & H. Dig., § 493, providing that a negotiable instrument given by a citizen of this state in payment for an interest in a patent right shall be absolutely void unless it shall show upon its face that it was executed for such consideration, a note given by a citizen of this state for an interest in a patent right,

which does not show upon its face that it was given therefor, is void, and cannot be the basis of a recovery in favor of a *bona fide* holder. (Page 571.)

Appeal from Benton Circuit Court.

EDWARD S. MCDANIEL, Judge.

STATEMENT BY THE COURT.

March 10, 1898, appellant brought suit in the circuit court against appellees on a negotiable promissory note for $282, executed by them at Rogers, Ark., December 28, 1896, to one J. O. Grenamyer, and indorsed in blank by Grenamyer. The note is copied in the findings of the court. The plaintiff alleged that the note was transferred to him by Grenamyer for a valuable consideration, and that he immediately notified the makers of the transfer.

Appellees answered setting up the following defenses: First. That the note sued on in this action was given for a patent right obtained by Geo. J. Cline, of Goshen, in the state of Indiana, for improvements in a smooth wire fence machine, for which letters patent were issued, bearing date January 31, 1893, and numbered 490,946; and the payee of said note, J. O. Grenamyer, claimed to be an assignee of a one-third interest in said patent right for all the territory west of the west line of the state of Indiana, and that L. E. Stewart and James Rush of the same place held the other two-thirds interest as assignees in said patent in the same territory with him, and that they empowered him, the said payee of said note, in form and manner provided by law, to dispose of their interests in the said patent to any and all persons who desired to purchase the same for such sums of money or any other consideration which the said payee would choose to accept, and that they would ratify his actions in that behalf. That the said J. O. Grenamyer, payee of said note, drafted and formulated the note sued on herein, without any suggestions whatever from the payers of said note, in violation of the laws of the state of Arkansas, as set out in section 493, Sandels & Hill's Digest, and executed to defendant, Wallace, a patent-right deed for said

improvements in a smooth wire fence machine to one-third interest in and to the state of Arkansas.

Following is a copy of the finding of facts by the court, so far as need be set out for the decision here in this cause: By consent of both parties, the cause was submitted to the court sitting as a jury, and the court, after hearing the evidence, made the following findings of fact: On the 28th day of December, 1896, the plaintiff resided, and has since resided, in Bentonville, Benton county, Arkansas, and defendants resided, and have since resided, at the town of Rogers, in said county, about six miles from Bentonville, all being citizens of the state of Arkansas. On said 28th day of December, 1896, one J. O. Grenamyer sold to the defendant, James Wallace, at said town of Rogers, a one-third interest in patent-right territory in the state of Arkansas for a certain patent wire fence, patented by the United States letters patent to one George J. Cline, and assigned by said Cline to said Grenamyer; one-third interest being all that was claimed by Grenamyer. But the court finds that said assignment has never been recorded in the United States patent office. That such sale to Wallace was on a credit for $282, and that said Wallace at the time executed and delivered to Grenamyer for the purchase money for said patent-right territory a negotiable promissory note for said amount, with the defendant, H. M. McGaughey, as surety.

"No.———.                     ROGERS, ARK., Dec. 28, 1896.

"One year after date we, or either of us, promise to pay to the order of J. O. Grenamyer, or order, the sum of two hundred and eighty-two dollars, for value received, negotiable and payable at Citizens' Bank, without defalcation or discount, and with interest from date at the rate of 6 per cent. per annum until paid; and, if interest be not paid annually, to become as principal, and bear the same rate of interest. The drawer and endorser severally waive presentation for payment, protest and notice of protest and non-payment of this note.

"Due Dec. 23d., 1897.              "JAMES WALLACE.

"H. M. McGAUGHEY."

Note indorsed on back as follows:

"J. O. GRENAMYER."

37

The court gave judgment for appellees, to which appellant excepted, filed a motion for new trial, which was overruled, to which he excepted and appealed.

*W. D. Mauck* and *L. H. McGill*, for appellant.

The note was negotiable, and appellant was an innocent holder, and hence entitled to protection. 4 Am. & Eng. Enc. Law (2 Ed.), 310; 118 Ind. 586. The act of April 9, 1891 (Acts, 1891, p. 261, Sand. & H. Dig., § 492), does not apply to an innocent holder of negotiable paper; and the act of April 23, 1891 (Acts 1891, p. 296), is in conflict with art. 4, § 2, of the Constitution of the United States, guarantying to citizens of each state all privileges and immunities of citizens in the several states. The law merchant is a part of the common law, and statutes changing or modifying it should be given a strict construction. 18 La. Ann. 637; 118 Ind. 586; 108 Ind. 365. The act of April 9, 1891 (Sand. & H. Dig., § 492), should be construed strictly, and operates only to make patent right notes subject to defenses in the hands of purchasers with notice. 108 Ind. 365; 118 Ind. 586; 8 Ind. App. 679; S. C. 36 N. E. 551; 44 N. E. (Ind. App.) 563; 44 N. E. 934; 92 Tenn. 252; 109 N. Y. 127; 36 Oh. St. 370; 93 Pa. St. 363; 4 Am. & Eng. Enc. Law (2 Ed.), 136. If a citizen of this state has a right to set up a certain defense in the courts, a citizen of any other state must be allowed the same privilege. 12 Wall. 418; 16 Wall. 36; 131 Ind. 342; 27 Fed. 146; 7 Minn. 13; 6 Houst. 541; 20 N. Y. 608.

*E. P. Watson*, for appellees.

The legislature has the power to change the law merchant by statute. 70 Fed. 498; 17 C. C. A. 203; 108 Ind. 365; 97 U. S. 501; 36 Ohio St. 370; 86 Pa. St. 173; 60 Ark. 114. The note is unenforceable, even in the hands of an innocent holder. Act April 9, 1891. The note is void for want of form and non-compliance with the act of April 23, 1891. Such a note, being void, is not collectible by an innocent holder. 41 S.W. 273; 24 So. 870; 4 Am. & Eng Enc. Law (2 Ed.), 192; 1 Blackf. 256; 117 Ind. 74; 38 Mich. 278; 63 Miss. 231; 9 Neb. 31; *ib.* 221; 10 Neb. 83; 68 N. C. 28; 70 N. C. 191; 14 S. W.

143; 3 Rand. 324; 91 Va. 652; 1 Wis. 436; 4 Ill. 388; 54 Pac. 306.

HUGHES, J., (after stating the facts.)   Sec. 493, Sandels & Hill's Digest, provides that "any vendor of any patented machine, implement, substance or instrument of any kind or character whatever, when the vendor of the same effects the sale of the same to any citizen of this state on a credit, and takes any character of negotiable instrument in payment of the same, the said negotiable instrument shall be executed on a printed form,·and show upon its face that it was excuted in consideration of a patented machine, implement, ˜substance or instrument, as the ˴case may be, and no person shall be considered an innocent holder of the same, though he may have given value for the same before maturity, and the maker thereof may make such defense to the collection of the same in the hands of any holder of said negotiable instrument, and all such notes, not showing on their face for what they were given, shall be absolutely void."

Sec. 494, Sandels & Hill's Digest.   "The foregoing section shall also apply to vendors of patent rights, and family rights to use any patented thing of any character whatever."

Sec. 495.   "Any vendor of any patented thing of any character, or any vendor of any patent right or family right to use any patented thing of any character whatsoever, who shall violate the provisions of section 493, shall, upon conviction, be ·punished by a fine of not more than three hundred dollars."

Sec. 496.   "This act shall not apply to merchants and dealers who sell patented things in the usual course of business."

This act is plain and emphatic.   The note sued on in this case was void for non-compliance with section 493 of the statute quoted above.   The note could not be the basis of recovery in this suit.   As an evidence of indebtedness, it was void under section 493.

The judgment is affirmed.