ROTH *v.* MERCHANTS' & PLANTERS' BANK.

Opinion delivered February 15, 1902.

1. SALE OF PATENT—INVALID NOTE—RECOVERY OF CONSIDERATION.— Sand. & H. Dig., § 493, which provides that a negotiable instrument given for a patent shall be absolutely void unless it is executed on a printed form, and shows on its face that it is executed in consideration of a patent, does not debar the vendor from recovering from the vendee whatever may be due him on the contract of sale. (Page 202.)

2. JUDGMENT—RES JUDICATA.—A judgment adjudging a negotiable note given for a patent void because not executed in conformity to the statute requiring that it be executed on a printed form and show the consideration is not a bar to a subsequent suit against the maker for the balance due on the price of the patent. (Page 203.)

Appeal from Jefferson Circuit Court.

JOHN W. CRAWFORD, Special Judge.

Affirmed.

*Austin & Taylor,* for appellant.

This suit is barred by the former judgment in the suit upon the note. 94 U. S. 428; 21 Am. & Eng. Enc. Law, 232, 223; 11 Fed. 661; 94 U. S. 352; Wells, Res. Adj. § 239; Herman, Est. & F. §§ 469, 467, 468; *id.* p. 562; 19 Ark. 421; 55 Ark. 538; 18 Ark. 332; 41 Ark. 78; 7 L. R. A. 580; 1 Fr. Judg. §§ 256, 216. There was no antecedent debt in this case, but the void note was not absolute payment.

*White & Altheimer,* for appellees.

Sand. & H. Dig., § 493, merely makes notes given for purchase money for patent rights void, unless in a certain form; and it nowhere declares that the sale is illegal, or the purchase money not collectible. 67 Ark. 575. Taking a note for an antecedent debt is not a payment thereof, unless agreed to be so taken. 48 Ark. 271. The note being void, the original consideration revived. 3 Pars. Cont. 305; 2 Dan. Neg. Inst. § 1272; 1 *id.* § 123; 4 Am. & Eng. Enc. Law (2d Ed.) 162; 56 Ark. 334; 35 Ark. 217; 29 Ark. 401; 38 Ark. 661; 37 S. W. 150; 2 Van Vleet, Former Adj. § 456; 9 Rich. Law, 451. The suit on the note and the suit at bar lack that identity of issue which would be necessary in order for the judgment in the former to bar the latter. 29 Ark. 575; 18 Ark. 162; 53 Ark. 307; 62 Ark. 77; 18 Ark. 185; 12 Ark. 164; 18 Ark. 142; 1 Greenl. Ev. §§ 528-530; 8 Am. St. 227; 2 Sm. Lead. Cas. 573; 24 How. 333; 5 Wall. 580; 21 Am. & Eng. Enc. Law, 184; 99 Mass. 202-3; 99 Mass. 493; 100 Mass. 409; 102 Mass. 239; 110 Mass. 267; 139 Mass. 164; 8 Allen, 454; 101 N. Y. 401; 102 N. Y. 452; 58 Mo. 61.

BATTLE, J. Louis Roth, the appellant, purchased an undivided one-fourth interest in a patent known as the "Eclipse Folding Wagon Step," and agreed to pay $1,500 therefor. He paid $1,000 in cash, and executed his note to C. P. Thornton, his vendor, for $500 in payment of the balance. In due course of trade, for a valuable consideration, without notice and before maturity, the Merchants' & Planters' Bank, of Pine Bluff, became the owner of this note. At maturity the maker, Louis Roth, refused to pay the note, and in a suit brought in the Columbia circuit court against him and C. P. Thornton, as indorser, he filed an answer, and, after admitting the execution of the note to C. P. Thornton and transfer of same to plaintiff, Merchants' & Planters' Bank, pleaded "for a complete defense against the note, * * * that

it was given by him to his co-defendant for an interest in a patent right, and was not on a printed form, and did not show on its face that it was executed in payment of such patent right, as required by sections 493, 494, Sand. & H. Dig., and the said note is therefore void;" and the court, sitting as a jury, found that issue in favor of the defendant, and rendered judgment accordingly.

Suit was then brought in the Jefferson circuit court on account for the balance of the purchase money by the bank, and, as the account was not assignable by statute, C. P. Thornton, the assignor, was joined as plaintiff. To this suit the appellant, Louis Roth, pleaded the judgment of the Columbia circuit court declaring the note void, as a bar to the right of appellees to recover upon the original consideration." The circuit court held that the plaintiffs in the latter suit were entitled to recover, and rendered judgment in their favor for the amount sued for, and the defendant appealed.

Section 493, Sand. & H. Dig., upon which the appellant's defense to the action against him in the Columbia circuit court was based, is as follows: "Any vendor of any patent machine, implement, substance, or instrument of any kind or character whatsoever, when the said vendor of the same effects the sale of the same to any citizen of this state on a credit, and takes any character of negotiable instrument, in payment of the same, the said negotiable instrument shall be executed in printed form, and show upon its face that it was executed in consideration of a patented machine, implement, substance, or instrument, as the case may be, and no person shall be considered an innocent holder of the same, though he may have given value for the same before maturity, and the maker thereof may make defense to the collection of the same in the hands of any holder of said negotiable instrument, and all such notes not showing on their face for what they were given shall be absolutely void."

The object of this statute was to save a vendee of "any patent machine, implement, substance, or instrument of any kind or character whatsoever," all the defenses he may have to an action on his note for the purchase money, and to prevent the loss thereof by a transfer of the note to an innocent holder before maturity. The failure to comply with the statute does not affect the validity of the sale, but renders only the note absolutely void. The penalty does not reach beyond the object to be accomplished. Though the note may be void, the vendor can recover whatever may be due

him on the contract of sale from the vendee. *Tillman* v. *Thatcher,* 56 Ark. 334, 19 S. W. 968; *Marks* v. *McGehee,* 35 Ark. 217; *Tucker* v. *West,* 29 Ark. 401; *Stratton* v. *McMakin,* 84 Ky. 641, 4 Am. St. Rep. 215; *Iron Mountain & Helena Railroad* v. *Stansell,* 43 Ark. 275.

The defense of appellant to the action instituted in the Columbia circuit court was in the nature of a plea of abatement. It did not reach the merits of the case, but the validity of the note only. The only thing adjudicated by the judgment of that court was the validity of the note sued on. This judgment was no bar to an action upon the contract of sale.

The effect of a judgment upon causes of action is unlike its effect upon defenses. The defendant in an action is required to set up all his defenses to the same. "A valid judgment for the plaintiff sweeps away every defense that should have been raised against the action; and this, too, for the purpose of every subsequent suit, whether founded on the same or a different cause." *Ellis* v. *Clarke,* 19 Ark. 421; *Bell* v. *Fergus,* 55 Ark. 538; *Davis* v. *Brown,* 94 U. S. 423.

As to causes of actions, the rule is stated by the supreme court of the United States in *Russell* v. *Place,* 94 U. S. 608, as follows: "It is undoubtedly settled law that a judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties. But to this operation to the judgment it must appear either upon the face of the record, or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit. If there be any uncertainty on this head in the record, as, for example, if it appear that several distinct matters may have been litigated, upon one or more of which the judgment may have passed, without indicating which of them was thus litigated, and upon which the judgment was rendered,—the whole subject-matter of the action will be at large, and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined. To apply the judgment, and give effect to the adjudication actually made, when the record leaves the matter in doubt, such evidence is admissible." It further said in the same case that, "to render the judgment conclusive, it must appear by the record of the prior suit that the particular matter sought to be cancelled was necessarily tried or de-

termined,—that is, that the verdict in the suit could not have been rendered without deciding that matter; or it must be shown by extrinsic evidence, consistent with the record, that the verdict and judgment necessarily involved the consideration and determination of the matter."

.   In *Shaver* v. *Sharp County,* 62 Ark. 78, it is said: "That which has not been tried cannot have been adjudicated.   *   *   * That which is not within the scope of the issues presented cannot be concluded by the judgment." See, also, *Dawson* v. *Parham,* 55 Ark. 286; *McCombs* v. *Wall,* 66 Ark. 336; *Cromwell* v. *County of Sac,* 94 U. S. 351; *Davis* v. *Brown,* 94 U. S. 423.

The same rule obtains as to cross-claims, set-offs and recoupments. The defendant in an action against him is not bound to set up such claims, if he has them, but it is generally optional with him to do so or not. *McWhorter* v. *Andrews,* 53 Ark. 307; 21 Am. & Eng. Enc. Law (1st Ed.), 224, and cases cited.

The judgment of the Jefferson circuit court is affirmed.