## JOHN WOODS & SONS v. CARL.

### ERROR TO THE SUPREME COURT OF THE STATE OF ARKANSAS.

No. 102. Submitted November 7, 1906.—Decided December 3, 1906.

*Allen* v. *Riley, ante* p. 347 followed as to power of a State to require one selling patent rights to record the letters patent and applied to a law of Arkansas, which also makes a note void if given for a patent right, if the note does not show on its face for what it was given.
75 Arkansas, 328, affirmed.

THE facts are stated in the opinion.

*Mr. Homer C. Mechem* and *Mr. Edwin Mechem* for plaintiff in error.

*Mr. John Fletcher* and *Mr. W. C. Ratcliffe* for defendant in error.

MR. JUSTICE PECKHAM delivered the opinion of the court.

This action was brought in the proper court of the State of Arkansas by the plaintiffs in error to recover the amount of a promissory note, which was given by the defendant in error on the sale to him of a patented machine and of the right to the patent in the State of Arkansas. Before the

maturity of the note it was indorsed by the payee and transferred to plaintiffs in error. The note was not executed as provided for by the statute of that State relating to the sale of rights under a patent. Act of April 23, 1891, Kirby's Dig., sec. 513. The section reads as follows:

"SEC. 513. Any vendor of any patented machine, implement, substance, or instrument of any kind or character whatsoever, when the said vendor of the same effects the sale of the same to any citizen of this State on a credit, and takes any character of negotiable instrument, in payment of the same, the said negotiable instrument shall be executed on a printed form, and show upon its face that it was executed in consideration of a patented machine, implement, substance or instrument, as the case may be, and no person shall be considered an innocent holder of the same, though he may have given value for the same before maturity, and the maker thereof may make defense to the collection of the same in the hands of any holder of said negotiable instrument, and all such notes not showing on their face for what they were given shall be absolutely void."

The defendant set up the violation of the statute as a defense. The verdict was for the defendant, and the judgment entered thereon having been affirmed by the Supreme Court, the plaintiffs have brought the case here by writ of error.

The sole question involved is the validity of the statute. The opinion of the Supreme Court of Arkansas is reported in 75 Arkansas, 328. See also *Wyatt* v. *Wallace,* 67 Arkansas, 575; *State* v. *Cook,* 107 Tennessee, 499. This case is governed by the immediately preceding one, although the statute of Arkansas renders the note void if given for a patent right if the note does not show on its face for what it was given. The difference is not so material as to call for a different decision. The judgment is

*Affirmed.*

MR. JUSTICE DAY dissents.