ENSIGN *v.* COFFELT.

Opinion delivered February 19, 1912.

1. CONTRACTS—VALIDITY.—Where a contract is entire, and a part of the consideration thereof is illegal, and the illegal portion is not separable from the whole consideration, the contract is unenforceable. (Page 572.)

2. BILLS AND NOTES—PATENT AS CONSIDERATION—VALIDITY.—Under Kirby's Digest, section 513, providing in effect that a negotiable instrument, the consideration of which is the sale of any patented machine, implement, substance or instrument of any kind or character, shall be void unless executed on a printed form showing "upon its face that it was executed in consideration of a patented machine, implement, substance or instrument," a note not executed in compliance with the statute is void where a material part of its consideration was the sale of a certain patented article. (Page 572.)

3. EVIDENCE—CERTIFIED COPY OF LETTERS PATENT.—Letters patent issued by the United States Government are proved by the production of the original or by copies of the record under the seal of the patent office and certified by the Commissioner of Patents or his chief assistant. (Page 571.)

4. MERCHANT OR DEALER—DEFINITION.—The manufacturer of a patented article who makes sales thereof through agents who go through the county and from place to place, soliciting orders therefor and selling only to fill orders, is not a merchant or dealer selling in the usual course of business, within the exception to Kirby's Digest, section 513, though he keeps a warehouse in which the article is stored. (Page 573.)

Appeal from Benton Circuit Court; *J. S. Maples,* Judge; affirmed.

*E. P. Watson,* for appellant.

1. Where a note is void under section 513, Kirby's Digest, the value of the patented article may be recovered on the contract of sale. 70 Ark. 200.

If one of two considerations for a contract is void for insufficiency merely, and not illegality, the other, if sufficient, will support the contract. 117 Am. St. Rep. 495; 63 O. St. 363; 57 Miss. 418, and note 3. This principle will hold good in cases based upon the above statute.

If the gas generator purchased was a patented machine or some parts of it were patented, and the rest of the consideration received was not, the note was not given in violation of any statute, for the consideration was not illegal, and it is not void. 15 Am. & Eng. Enc. of L. (2 ed.), 933; 54 Ark. 471.

2. Phelps, the payee in the note, was a merchant and dealer in the articles for which the note was given, selling same in the usual course of business, and as such was exempt from the above statute. Kirby's Digest, § 516; 217 U. S. 251; 98 Mo. 590; 73 S. W. 302.

3. Appellee is estopped by his contract from questioning the validity of the note sued on. Joyce, Defenses to Commercial Paper, § 668; 31 Kan. 447; 2 Pac. 570.

*Rice & Dickson,* for appellee.

1. The vendor of the machine in question was not a merchant in the ordinary course of business, but was acting through agents going from place to place, selling by samples, etc. He was not permanently located, nor keeping a stock on hand like ordinary merchants. The stock kept on hand was insignificant, the building where it was kept, was closed when he went away, and the agents were offering to sell and selling territory. If the vendor was a manufacturer, only the note is void, manufacturers not being excepted from the statute. 207 U. S. 251.

2. The note is void if the generator is patented, whether in whole or in part, even if part of the consideration is other than a patented article. 9 Cyc. 566, 567; 55 Am. Rep. 240; 48 Am. Rep. 157; 13 Am. St. Rep. 355; 61 *Id.* 341; 6 Am. & Eng. Enc. of L. (2 ed.) 757.

FRAUENTHAL, J. This is an action instituted on a note which was executed by the defendant, R. L. Coffelt, on March 8, 1908, for $225, payable to the order of A. S. Phelps, Jr., 18 months after its date, with interest. The note is a negotiable instrument, and the plaintiff alleged that he was a *bona fide* purchaser thereof before maturity and for a valuable consideration. The defendant admitted the execution of the note, but resisted its enforcement on various grounds, amongst which are the following: (1) he denied that the plaintiff was an innocent purchaser of the note, and alleged that he was induced to execute it upon representations made by the payee which were false, whereby the consideration therefor had failed; and (2) that the note was executed in consideration of a patented machine or article, and that it was not executed on a printed form, as provided by section 513 of Kirby's Digest; and also

that the payee therein was not a merchant or dealer selling patented things in the usual course of business. A demurrer was interposed to these various defenses except that which denied that the plaintiff was an innocent purchaser of the note, and the demurrer was overruled. Upon the trial of the case, a verdict was returned in favor of the defendant, and from the judgment rendered thereon the plaintiff has appealed to this court.

It appears from the uncontroverted testimony, we think, that the plaintiff purchased the note sued on before its maturity for a valuable consideration and without any notice of any imperfection in or defense to it. This is virtually conceded by counsel for the defendant, and the sole defense now urged by him against a recovery on the note is that the consideration therefor was a patented thing, and that it was not executed in compliance with the provisions of the above statute.

It appears from the testimony that the payee of the note, A. S. Phelps, Jr., was, at the time of its execution, engaged in the business of manufacturing, selling and installing acetyline gas lighting systems or plants. His manufactory was located at that time at Elkhart, Indiana, and later moved to Geneva, Illinois. He had warehouses or distributing places located at different towns and cities, one of which was at Bentonville, Arkansas. At that city he had rented a warehouse, and kept on hand a number of lots or jobs covering several gas lighting systems, complete, and he employed laborers or gas fitters at such place for the purpose of installing the systems. He also had employed one E. P. Roberts as an agent, who went from place to place in the county in which Bentonville is situated, and there sold these gas lighting systems to individuals. This agent, in making such sales, would take with him a sample of the gas generator or the system. The lighting system consisted of a gas generator and some fixtures. On February 15, 1908, the defendant entered into a written contract with said Phelps through the agency of said Roberts for the purchase and installation of the gas lighting system in his residence. By the terms of this contract, he ordered a "50-light Phelps carbide feed gas generator," at the price of $150, and directed the piping of his residence and the furnishing of fixtures, for which he agreed to pay the additional sum of $75, and also to

board the men doing the work of installing the plant. Later the system was installed, and the defendant executed said note for the said sums aggregating $225. The defendant introduced in evidence a certified copy of letters patent issued by the United States Goverment on February 28, 1905, granting to said A. S. Phelps, Jr., the right to make, use and vend an improvement upon acetyline gas generators. This copy of said letters patent was certified to by the commissioner of patents. The testimony adduced on behalf of the defendant tended to prove that the generator sold to him was the identical machine covered by these letters patent, and that the said Roberts, who was the agent of the said Phelps in selling same, had stated that the generator was covered by letters patent issued to said Phelps. From these letters patent and the facts and circumstances adduced in evidence, we are of the opinion that there was sufficient testimony adduced on the trial to warrant the jury in finding that the generator sold to defendant was a patented article. In his testimony, the vendor, Phelps, stated that these letters patent had expired, but admitted that there was a patent held on a part of the system known as the feed and cut-out portion of the gas bell; but the letters patent on the generator continued for seventeen years from February 28, 1905, and the evidence therefore tended to prove that the letters patent covered this generator and had not expired. It is urged by counsel for plaintiff that the court erred in admitting the certified copy of said letters patent. We are, however, of the opinion that this action of the court was right. The letters patent issued by the United States Government are proved by the production of the original itself or by copies of the record thereof under the seal of the patent office and certified to by the commissioner of patents or his chief assistant. 2 Greenleaf on Ev., § 488; 9 Enc. of Ev. 655; U. S. Comp. Stat. 1901, p. 673.

It is provided by section 513 of Kirby's Digest that "any vendor of any patented machine, implement, substance or instrument of any kind or character whatsoever, when the said vendor of the same effects the sale of the same to any citizen of this State on a credit, and takes any character of negotiable instrument in payment of the same, the said negotiable instrument shall be executed on a printed form and show upon its

face that it was executed in consideration of a patented machine, implement, substance or instrument, as the case may be, and no person shall be considered an innocent holder of the same, though he may have given value for the same before maturity, and the maker thereof may make defense to the collection of the same in the hands of any holder of said negotiable instrument, and all such notes not showing on their face for what they were given shall be absolutely void." It is further provided by section 516 of Kirby's Digest that "this act shall not apply to merchants and dealers who sell patented things in the usual course of business."

It is urged by counsel for plaintiff that the consideration of the note was not only said gas generator but also the fixtures and the installation of the plant; that, even if said generator was patented, the other part of the consideration therefor was not patented; he contends that the plaintiff is entitled to recover unless the note was executed solely for the purchase price of a patented machine or article, and asked an instruction to that effect. The court, however, refused to give that instruction, but instructed the jury that it devolved upon the defendant to prove that the note sued on was executed for the purchase price of a patented machine or article. It is well settled, we think, that, if a contract is based upon several considerations, some of which are merely insufficient and not illegal, it is not void but may be upheld by the consideration which is sufficient; but if one of several considerations of an entire contract, as a note, is illegal, the whole contract is void. In other words, where the contract is entire, and a part of the consideration thereof is illegal, and the illegal portion is not separable from the whole consideration, then the whole contract is unenforceable. 1 Parsons on Contracts, § 455; 1 Daniel on Negotiable Instruments, § 204; *Edwards* v. *Randall*, 63 Ark. 318; *Hanauer* v. *Gray*, 25 Ark. 350; *Tucker* v. *West*, 29 Ark. 386; *Kizer* v. *Texarkana & F. S. Ry. Co.*, 66 Ark. 348.

By the above statute the note is declared void where it is given in payment of a patented article, and is not executed on a printed form and in the manner therein prescribed. In other words, it makes illegal such note in the sense that it is given in contravention of a statutory requirement, and for that reason its character as a negotiable instrument is destroyed, and

it can not be used as the evidence of the indebtedness.   If part of the consideration of the note is illegal in this sense, then the note itself is tainted with illegality, and is void.   The contract of sale itself of a patented article or of any other article in connection therewith is not void, no matter what may be the form of the note given for the articles, because the statute does not declare the contract void.   But the note given in pursuance of such sale is void if a material part of the consideration thereof is a patented article, and it is not executed in form and manner required by said statute.   The consideration of the note sued on was the gas generator and certain fixtures and the installation thereof.   The chief portion of the consideration was the gas generator.   Under the testimony, the character of this plant or gas lighting system was identified and fixed by this gas generator, which was patented.   It may be that in cases where there is some small patented attachment to the machine or article sold which is not the inducing cause of the sale but only an incident thereto, then the machine or article so sold would not fall within the purview of the above statute.   But where the machine or thing sold is patented, and is the principal or material part of the consideration inducing the sale thereof, then the note falls within the provisions of the above statute, although there may be some portion of the consideration thereof which is not covered by patent.   The above statute avoiding negotiable instruments executed for patent rights or patented things when such notes are not on printed forms as prescribed by said statute has been uniformly upheld by this court and the Supreme Court of the United States.   *Wyatt* v. *Wallace*, 67 Ark. 575;  *Woods* v. *Carl*, 75 Ark. 328;  *Columbia County Bank* v. *Emerson*, 86 Ark. 155;  *Mullins* v. *Columbia County Bank*, 87 Ark. 554;  *Woods* v. *Carl*, 203 U. S. 358;  *Ozan Lumber Co.* v. *Union County National Bank*, 207 U. S. 251.   We are of the opinion, therefore, that there was sufficient evidence to sustain the verdict of the jury finding that the note sued on was executed for a patented machine.   It is conceded that the note was not executed in the manner prescribed by the above statute.   It follows, therefore, that the note was unenforceable, even in the hands of an innocent purchaser.

It is urged that the payee of said note was a merchant or dealer and sold said machine in the usual course of business,

and for this reason, under the provisions of section 516 of Kirby's Digest, was exempted from said statute.   The court instructed the jury that it devolved upon the defendant to prove by a preponderance of the evidence that said A. L. Phelps, Jr., the payee of the note, was not a merchant and dealer in the articles for which the note sued on was given, and was not selling same in the usual course of business.   It appears that said Phelps was a manufacturer of the gas generator sold, and that he made sales thereof by agents who went throughout the counties and from place to place  soliciting from individuals purchases of the lighting plant or system by sample.   It is true that he had a warehouse in which a number of the systems were stored, but we think that these were only placed at such warehouse for convenience, instead of shipping same direct from his factory after the orders had been taken.   These gas systems were not kept in a store for sale in the ordinary course of business, nor were they sold in the ordinary course of business. They were sold through agents soliciting orders therefor by said Phelps, who was the manufacturer thereof.   According to the common understanding, the words 'merchant' and 'dealer' are employed to designate persons who are engaged in the business of buying and selling merchandise or other personal property in the usual course of trade.   They are usually under-stood as being something different from a manufacturer. While it is true that a manufacturer may have a store or business house in which he may buy and sell and deal in the very articles which he manufactures and thus become a merchant or dealer therein, yet if he manufactures the articles sold upon orders and only sells same on such orders, then he is not a merchant or dealer within the purview of the exemption from this statute.   *Union County National Bank* v. *Ozan Lumber Co.*, 179 Fed. 710.   We think that there was sufficient evidence adduced upon the trial of this case to warrant the jury in finding that said Phelps was not a merchant or dealer selling said patented generator or the gas lighting system in the usual course of business.

·   The court gave a number of instructions, and refused several which were asked by the plaintiff; but we are of the opinion that in its various rulings on these instructions it conformed to the principles which we have herein announced.

By the instructions which were given, we think that the law applicable to the facts of this case was fully and fairly presented to the jury, and the court committed no error in any of its rulings upon any of the instructions. We are also of the opinion that there was sufficient evidence to warrant the verdict which the jury returned.

The judgment is accordingly affirmed.