BRENARD MANUFACTURING COMPANY *v.* McREE'S MODEL
PHARMACY, INC.

Opinion delivered October 18, 1926.

1. BILLS AND NOTES—PURCHASE OF PATENTED ARTICLE—FORM OF NOTE.
—Under Crawford & Moses' Dig., § 7956, requiring negotiable
notes for patented articles to be executed on a printed form and to
show on its face the consideration for which it was given, and
§ 7959, excepting merchants and dealers who sell in due course
of business, *held* that, where plaintiff contracted to give defend-
ant the exclusive agency to sell a patented phonograph and took
his note therefor without complying with § 7956, he was not a
dealer within § 7959.

2. BILLS AND NOTES—SALE OF PATENTED ARTICLES—OBJECT OF
STATUTE.—The object of Crawford & Moses' Dig., § 7956, requir-
ing negotiable notes given for patented articles to show their
consideration on their face, was to save to the vendee any defenses
he might have in an action on his note, and hence the failure to
comply with the statute did not affect the validity of the sale,
though no recovery could be had on the note.

3. APPEARANCE—EFFECT OF FILING ANSWER.—Where an amended
complaint set up a different cause of action from that relied upon
in the original complaint, defendant, by filing an answer to the
amended complaint, will be held to have entered its appearance.

4. BILLS AND NOTES—INVALIDITY OF NOTE—SEPARABLE CONTRACT.—
Where a note for a patented article and a written contract to
which the note is attached are separable, detachment of the
note from the contract will not invalidate the contract, though the
note is invalid for noncompliance with Crawford & Moses' Dig.,
§ 7956.

5. APPEAL AND ERROR—PREJUDICE.—It is reversible error to instruct
the jury upon an issue which had been abandoned by the plaintiff.

Appeal from Phillips Circuit Court; *E. D. Robertson,*
Judge; reversed.

STATEMENT BY THE COURT.

The Brenard Manufacturing Company brought this
suit in the circuit court against McRee's Model
Pharmacy, Inc., to recover the sum of $195, alleged to be
due upon a promissory note. Among other defenses
interposed by the defendant, it pleaded that the note
was void because it was given for a patented article
without showing upon its face that it was executed in

consideration thereof.  Subsequently the plaintiff filed an amendment to its complaint in which it sought to recover upon a written contract, which is exhibited with the complaint.  The defendant filed an answer to the amended complaint, and thereby entered its appearance to the action.

On the trial of the case, the written contract was introduced in evidence, and bore the date of January 11, 1923, and was signed both by the plaintiff and the defendant.  The contract recites that, in addition to a check for $75, the defendant agreed to execute a note to the plaintiff for $195 for a Claxtonola phonograph equipment.  The contract further provides that the plaintiff grants to the defendant the exclusive agency for Claxtonola phonographs in Helena, Arkansas, for a period of three years.  The agreement also provides that defendant agrees to order a new Claxtonola phonograph as fast as it sold the one on hand.

The note was also introduced in evidence.  It was in common form, dated January 11, 1923, and payable to the order of the plaintiff.  The note was payable in installments of .$32.50 each.  The first installment was due thirty days after date, and each succeeding installment was due thirty days after the preceding one.

Theodore O. Loveland was a member of the Brenard Manufacturing Company, which is a partnership.  According to his testimony, the Brenard Manufacturing Company is a dealer in phonographs and radio equipments.  The firm sells patented articles in the usual course of business.  The defendant entered into the contract with the plaintiff for the purchase of the phonograph in question and the exclusive agency to sell phonographs of that make in the city of Helena.  The note originally sued on was executed pursuant to the terms of the written contract.  It does not show on its face that it was given for the sale of a patented article.

The defendant is a corporation, and John I. McRee was its president when the contract and note in question were executed.  According to his testimony, the

contract and the note were all on one piece of paper when he signed them. The note was detached from the contract when it was sued on.

The jury returned a verdict for the defendant, and from the judgment rendered the plaintiff has duly prosecuted an appeal to this court.

*A. D. Whitehead,* for appellant.

*Moore, Walker & Moore,* for appellee.

HART., J., (after stating the facts). It is first contended by counsel for the plaintiff that the court erred in not directing a verdict in favor of the plaintiff.

In the first place, it is contended that the provisions of § 7956 of Crawford & Moses' Digest, which provide that a negotiable instrument given for a patent shall be absolutely void unless it is executed on a printed form and shows on its face that it is executed in consideration of a patent, does not apply in the present case, because the plaintiff was a dealer, and falls within the exceptions to the act provided for in § 7959. We do not agree with counsel in this contention.

It is true that one of the partners testified that the plaintiff, which is a partnership, is a dealer which sells patented articles in the usual course of business, but the contract itself shows that the present transaction does not fall within that class. Under the terms of the contract, the defendant secured from the plaintiff the exclusive agency to sell Claxtonola phonographs within the city of Helena for the three years, and, as part of the contract, the defendant was to receive one phonograph to be placed on sale. As fast as each phonograph was sold by the defendant, it was to be replaced by another, purchased from the plaintiff at the same price. Under these circumstances the plaintiff was not a merchant or dealer who sells patented things in the usual course of business, in contemplation of the statute. If the plaintiff had merely sold the defendant patented articles for resale, this would have constituted the plaintiff a dealer or merchant within the exceptions provided for in the statute, but the fact that the defendant was given the

exclusive agency to sell the patented articles within a given territory takes the case without the provisions of the statute and makes it fall within the rule laid down in *Williams* v. *Layes,* 168 Ark. 675. Hence the court did not err in refusing to instruct a verdict for the plaintiff.

The next assignment of error is that the court erred in giving, at the request of the defendant, the following instruction: "The jury is instructed that, if they find from the evidence that the note offered in evidence was given for a patented article, and does not so show on its face, then such note is void, and the plaintiff cannot recover on the note."

In this contention we think that the counsel for the plaintiff is correct. It is true that the suit was originally brought on the note, but subsequently the plaintiff filed an amended complaint, in which a recovery was sought alone upon the contract.

This court has said that the object of the statute in question was to save a vendee of any patented article all the defenses that he might have to an action on his note for the purchase money, and to prevent the loss thereby by transfer of the note to an innocent holder before maturity. Hence it was held that the failure to comply with the statute does not affect the validity of the sale, and that, though the note may be void, the seller may recover whatever may be due him on the contract of sale from the purchaser. *Roth* v. *Merchants' & Planters' Bank,* 70 Ark. 200, 66 S. W. 918, 91 Am. St. 80; and *Warmack* v. *Askew,* 97 Ark. 19, 132 S. W. 1013. While a suit upon the note and upon the contract of sale are entirely separate and distinct causes of action, the effect of the defendant's answering the complaint and defending the action entered its appearance.

According to evidence for the defendant, the contract and the note were attached to each other when they were first executed, and the note was detached for the purpose of bringing suit on it by the plaintiff. This, however, does not help the defendant any. If it should

be said that, on account of the note having been detached by the plaintiff, the case should stand as if the contract and note were still fastened together and constituted one instrument, the provisions of the statute would not, in anywise, be violated. In other words, if the contract and note are to be considered but one instrument, the note would show on its face that it was given for a patented article and thus show a compliance with the statute. In that event plaintiff would be entitled to recover.

The case of the *Toledo Scale Co.* v. *Gogo,* 186 Mich. 442, 152 N. W. 1046, Ann. Cas. 1917E, 601, relied upon by counsel for the defendant, is not in point. In that case there was a conditional sale of a pair of scales as expressed in the written contract, and a note for the purchase price was a part of the same instrument. The plaintiff in that case, by detaching the promissory note, created a negotiable instrument, absolute in form, which he could sue on; and the court held this to have been a material alteration of the instrument, and to result in avoiding it.

In the case at bar the contract of sale was an absolute and not a conditional one. The detaching of the note did not in anywise change the terms of the sale. The case falls exclusively within the rule announced by the decisions of this court cited above, to the effect that, while no recovery can be had upon the note where the statute is not complied with in its execution, still a recovery may be had upon the contract.

To sum up, it may be said that the detachment of the note from the contract in no wise affected the contract. The contract, on its face, is an absolute one, and the plaintiff has elected to disregard the note and sue on the contract. If the note was still attached to and a part of the same paper as the contract of sale, the plaintiff could disregard it and sue on the contract. According to the evidence for the defendant, it had complied with the terms of the contract, and, in accordance with its terms, had offered to return the phonograph because it had been unable to sell it.

The result of our views is that the court did not err in refusing to direct a verdict for the plaintiff, but did err in giving the instruction above quoted. By amending the original complaint and suing on the contract, the plaintiff abandoned its original cause of action and sued upon an independent and distinct one. In short, the plaintiff sought no recovery on the note, and the instruction in question tended to confuse and mislead the jury by directing its attention to a matter that had ceased to be an issue in the case. It was therefore necessarily prejudicial to the rights of the plaintiff, and calls for a reversal of the judgment.

The judgment will therefore be reversed, and the cause remanded for a new trial.