## WILLIAMS *v.* LAYES.

## Opinion delivered April 20, 1925.

1. BILLS AND NOTES—PURCHASE OF PATENTED MACHINE—"MER-
   CHANT" DEFINED.—The manufacturer of a patented cotton press
   *held* not a "merchant," within Crawford & Moses' Dig., § 7959,
   so as to be able to accept a negotiable note in payment, without
   showing on face of the note that it was executed in consideration
   of a patented machine, as required by § 7956, a "merchant"
   within the meaning of § 7959 being a regular dealer in the mer-
   cantile business.

2. BILLS AND NOTES—ILLEGALITY OF NOTE—ESTOPPEL.—The fact that
   the maker of a note which was invalid because given in considera-
   tion of a patented machine without showing that fact on its face,
   assured a purchaser of the note that it would be paid at maturity,
   did not estop him from setting up its illegality as a defense.

Appeal from Logan Circuit Court, Northern Dis-
trict; *James Cochran,* Judge; affirmed.

*Kincannon & Kincannon,* for appellant.

*White & White,* for appellee.

HUMPHREYS, J. Appellant brought this suit in the
Northern District of the Circuit Court of Logan County,
against appellee, to recover judgment upon a note exe-
cuted on February 7, 1922, by appellee, to the order of
Ginners' Compress Trust of Milwaukee, Wis., in the
sum of $1,000, bearing interest at the rate of 6 per
cent. per annum from date, which had been assigned to
him for a valuable consideration before maturity.

Appellee filed an answer admitting the execution of
the note, but alleging its invalidity because given in con-
sideration for a complete double system cotton press with
condenser, for baling cotton in round bales, a patented
thing, in violation of § 7956 of Crawford & Moses' Digest,
which is as follows:

"Any vendor of any patented machine, implement,
substance, or instrument of any kind or character what-
ever, when the said vendor of the same effects the sale of
the same to any citizen of this State, on credit, and makes
any character of negotiable instrument in payment of the
same, the said negotiable instrument shall be executed on

a printed form, and show upon its face that it was executed in consideration of a patented machine, implement, substance or instrument, as the case may be, and no person shall be considered an innocent holder of the same, though he may have given value for the same before maturity, and the maker thereof may make defense to the collection of the same in the hands of any holder of said negotiable instrument, and all such notes not showing on their face for what they were given shall be absolutely void.''

Appellant filed a reply alleging: first, that the payee in the note was a regular merchant or dealer, and sold the patented thing to appellee in the regular course of business, and was excepted from the provisions of the statute quoted above § 7959 of Crawford & Moses' Digest, which is as follows: ''This act shall not apply to merchants and dealers who sell patented things in the usual course of business.'' And second, that appellee was estopped from repudiating the note by making the following statement to appellant before he paid for the note, towit: ''If nothing bad happens, I am for sure that I will be able to pay the note when due, or before, which I hope I will.''

The cause was submitted to the jury upon the pleadings, testimony adduced by the respective parties, and the instructions of the court, which resulted in a verdict for appellee, and a consequent judgment dismissing the complaint of appellant, from which is this appeal.

The record reflects the following facts: The note was executed in part payment for a patented cotton press to the manufacturer thereof, a Wisconsin corporation, that sold same to appellee through its traveling agent, who was president of said corporation. The patented machine was sold directly from the factory. For some reason not appearing, the press was never delivered to appellee. The note did not show on its face that it was executed for a patented thing. Appellant purchased the note and procured an assignment thereof, and, before sending a check in payment of it, he wrote a letter to

appellee to ascertain whether the note would be paid, in which he stated that he did not know the payee in the note, and was relying for payment thereof on appellee. He requested, in the letter, that appellee reply on the bottom of the letter, and return same to him. The reply to appellee appears in the reply appellant filed to appellee's answer, heretofore set out. After receiving appellee's reply, appellant mailed a check to Ginners' Cotton Compress in payment of the note.

Appellant first contends for a reversal of the judgment because the patented machine was sold by a merchant or dealer to appellee in the regular course of business. We do not think the manufacturer and the seller of the patented cotton baler was included in the class of business permitted by § 7959 of Crawford & Moses' Digest to sell patented things and accept negotiable notes in payment thereof which do not show on their face that they were in consideration of patented machines, etc. The persons referred to in that section are regular merchants or dealers in the mercantile business.

Appellant's next and last contention for a reversal of the judgment is that appellee estopped himself from interposing his statutory right of defense to the note by writing appellant that he was sure that he would be able to pay the note before or when due, if nothing bad happened. Under § 7956 of Crawford & Moses' Digest, this note was void because it was not stated in the face thereof that it was given for a patented thing. This court is committed to the doctrine that contracts made in violation of law are not converted into valid obligations by subsequent promises to perform them, and that the maker of a void note will not estop himself from or waive his right to set up the illegality thereof as a defense thereto. *City National Bank* v. *DeBaum*, 166 Ark. 18.

No error appearing, the judgment is affirmed.