J. B. COLT COMPANY v. PINKERTON.

Opinion delivered January 31, 1927.

BILLS AND NOTES—PATENTED ARTICLE.—In an action on a contract and note given for a patented article, it was error for the court to direct a verdict for defendant if the note did not show on its face that it was executed in consideration of a patented article as required by Crawford & Moses' Dig., § 7956, thereby in effect taking away from the jury the issue whether defendant was indebted to plaintiff on the contract aside from the note.

Appeal from Nevada Circuit Court; *James H. McCollum*, Judge; reversed.

*H. E. Rouse* and *J. D. Montgomery,* for appellant.

WOOD, J. The original complaint and amendment thereto show that this is an action by the plaintiff against the defendant on a contract and note evidencing the purchase by the defendant from the plaintiff of "one carbide generator and attachments, including fixtures, burners, globes, stovepipes, fittings, and other supplies." The purchase price of the articles listed was $259.75, evi-

denced by a note and contract executed for that amount. The contract was evidenced by an order of the defendant, the purchaser, who lived at Rosston, Arkansas, to the plaintiff, the seller, at New York, New York, which was accepted at New York May 5, 1919. On August 8, 1919, the defendant executed a note in the sum of $259.75, on which there was a payment of $50 on October 13, 1920, and a renewal note taken May 16, 1922. This latter note was the one upon which the original complaint was based, and the complaint was amended, setting up the contract and the renewal note, and praying judgment in the sum of $233.80.

The answer admitted the execution of the note, and alleged that it was invalid because given for a patented article; that the note is not on a printed form, and does not show upon its face that it was executed in consideration of a patented machine, in compliance with § 7956, C. & M. Digest. The answer also alleged that the carbide generator was guaranteed by the plaintiff, and that same proved to be worthless within a short time after it was purchased. By an amendment to his answer the defendant, on July 14, 1925, pleaded that the action was barred by the statute of limitations.

The plaintiff introduced the note and contract upon which the action was bottomed, and testified that the amount was due as alleged in the complaint. The testimony for the plaintiff tended to show that the parts of the carbide generator were patented at one time, but that none of the articles sold were completely covered by patent. The parts of the machine were patented by different people and patents. Witness could not say what articles were patented, or give the number of the patents. As late as August 1, 1922, the appellee promised to pay the balance due, and made no complaint at that time of the generator which had been installed, and was in use and in good condition.

There was a statement in the record to the effect that the generator was installed July 8, 1919, and that the same was complete and satisfactory. The plaintiff was a

New Jersey corporation, having its principal place of business in New York City. It only transacted interstate business in Arkansas. All orders received were accepted outside of the State and the goods were shipped from New York to Arkansas. There was testimony on behalf of the defendant tending to prove that the generator was operated satisfactorily from July 9, 1919, until February, 1920; that it gave satisfaction for seven months. The defendant moved and had it installed a second time, after which it was operated for about three months. The defendant discovered that it was rusty about a month after he moved it. Over the objection of plaintiff, the defendant testified that it states on the generator "fully protected by patent throughout the principal countries of the world." The defendant signed the renewal note May 16, 1922, and paid the plaintiff $50 on the original note and contract.

The plaintiff prayed the court to instruct the jury as follows:

"No. 1. You are instructed to find for the plaintiff.

"No. 2. If you find from the evidence in this case that defendant, more than a year after he received the articles set out in the contract, made payment thereon, and executed a renewal note for the balance due, you are instructed that this was a complete acceptance on the part of the defendant, and that he waived any breach of warranty on the part of the plaintiff, and you will find for the plaintiff."

The court refused the above prayers for instructions, to which ruling the plaintiff duly excepted.

The court, on its own motion, gave the following instruction:

"Gentlemen of the jury: If you find from a preponderance of the evidence in this case that the note that has been introduced in evidence, under which this suit was brought, was executed in consideration of a patented article, and that said note does not show upon its face that it was executed in consideration of a patented

article, machine or implement, then your verdict will be for the defendant.''

The plaintiff duly excepted to the ruling of the court in the giving of the above instruction on its own motion. The jury returned a verdict in favor of the defendant. The plaintiff moved for judgment notwithstanding the verdict, which motion the court overruled. Judgment was entered in favor of the defendant, from which is this appeal.

Although the note in controversy was void because not executed in compliance with § 7956 of C. & M. Digest, nevertheless the court erred in instructing the jury, on its own motion, that, if the note was not executed in compliance with the statute, the verdict should be in favor of the defendant. This was, in effect, a peremptory instruction to return a verdict in favor of the defendant if the jury found that the note on its face failed to show that it was executed for a patented article, and, if they so found, had the effect of taking away from the jury the further issue as to whether or not the defendant was indebted to the plaintiff on the contract.

In the recent case of *J. B. Colt Company* v. *Mitchem, ante,* p. 55, after reviewing former decisions of this court reiterating the doctrine therein announced, we said: ''This court is committed to the doctrine that the main purpose of the act was to enable the maker of a negotiable instrument, given for patent rights or patented articles, to make the same defense thereto, against any holder thereof, that could be made against the original holder or party to whom it was given. [Citing cases]. Hence it is held in these cases that the failure to comply with the statute does not affect the validity of the sale, but renders only the note absolutely void. It has been held further that, though the note may be void, the vendor may recover whatever may be due him on the contract of sale from the vendee.''

In the case of *Brenard Manufacturing Co.* v. *McRee's Model Pharmacy,* 171 Ark. 978, we held that the court erred in giving an instruction similar to the one in the case at

bar. In that case, as in this, the suit was originally brought on the note, but the complaint was subsequently amended, in which amendment a recovery was sought alone upon the contract, and we said: "While a suit upon the note and upon the contract of sale are entirely separate and distinct causes of action, the effect of the defendant's answering the complaint and defending the action entered its appearance."

Therefore it follows in the case at bar that, although the note which was the foundation of the original complaint was void, nevertheless the amendment to the complaint and the answer thereto should be treated as raising the issue as to whether or not the appellee was indebted to the appellant on the contract. While we find no error in the rulings of the trial court in submitting to the jury the separate issue as to whether or not the appellee was indebted to the appellant on the contract of sale, nevertheless it is impossible to determine, under the erroneous instructions of the court, whether the jury's verdict was bottomed on the issue of whether or not the note was void or whether or not the appellee was indebted to the appellant under the contract. The court should have instructed the jury that, if they found that the note was void because it failed to comply with § 7956, *supra*, then their verdict should be in favor of the appellee, unless they found that the appellee was indebted to the appellant on the contract, in which event their verdict should be in favor of the appellant.

We find no other error in the rulings of the trial court, but, for the error in giving the above instruction on the court's own motion, the judgment is reversed, and the cause remanded for a new trial.